**112  HOWELL vs. CIRCUIT JUDGE (Muskegon) (two cases), Nos. 12332 and 12333.  88 Mich., 361-369.**

To quash writs of attachment issued under Act No. 149, Laws of 1889, upon debts not due.

Granted November 13, 1891, with costs.

Held, that "the reason for the issuance of the writ must be shown by facts and circumstances so given in detail as to enable the circuit judge to satisfy himself from such facts and circumstances that the writ ought to issue.

"It will not do for the affiant simply to swear that he knows that the defendant had assigned, disposed of, or concealed his property with intent to defraud his creditors, but the facts attending such disposition or concealment of the property must be set forth, and its relative value to that of the remainder of the property owned by the debtor, so that the circuit judge may know something about it, as well as the affiant.

"The fact that other creditors have levied upon a portion of the debtor's property, or that he has not sufficient property to pay his debts will not warrant the issuance of the writ; and the allegation that the plaintiff will lose his debt if the writ is not issued before the debt becomes due is an inference or conclusion of fact for the circuit judge to draw, and not the plaintiff, from the other facts and circumstances set out in the affidavit." Also that "before the clerk is authorized to issue a writ of attachment under Act No. 149, Laws of 1889 (3 How. Stat., Sec. 8016 a), the statutory affidavit must be presented to him, with the order of allowance of the circuit judge indorsed thereon."

The affidavit of exigency set forth that defendant on a day named had transferred to a bank in Chicago a very large amount of property; that he is in failing circumstances; that attachments aggregating many thousands of dollars have been issued out of

this court, and have been levied upon his property in Muskegon County, and that plaintiff will lose the amount of his claim unless the writ issue.

Relator insisted that the affidavits were jurisdictionally defective; that the Act referred to was unconstitutional, and that in one of the cases there was no debt within the contemplation of the Act, for the action was predicated upon commercial paper not made, but simply indorsed or guaranteed by defendant.

Relator cited, Newman vs. Circuit Judge, decided January 28, 1890, but not reported, in which it was held that the allowance of a writ of attachment before debt due is an unusual and extraordinary remedy; that the statute authorizing it must be strictly followed, and the analogies of practice in cases under the fraudulent debtors' act and injunction cases are applicable to this class of cases.

Sheridan vs. Briggs, 53 M., 659; Proctor vs. Prout, 17 M., 473; Marble vs. Curran, 63 M., 288. Upon the last point relator cited Black vs. Zacharie, 3 How. (U. S.), 139; Bank vs. Moss, 6 So. Rep., 25.