ISAAC McCREA v. FRED J. RUSSELL, CIRCUIT JUDGE OF MUSKEGON COUNTY.

100 375
118 360

*Attachment—Malpractice—Sufficiency of affidavit.*

1. How. Stat. §§ 8025a–8025d, as amended by Act No. 89, Laws of 1893, which provide for the commencement of actions of tort against non-residents by attachment, should be strictly construed, and the facts required to be stated in the affidavit for the writ must be set out upon the knowledge of the affiant, and with reasonable certainty; the principle involved not being different than that announced in *Howell v. Circuit Judge*, 88 Mich. 361, in which case Act No. 149, Laws of 1889, which authorizes the issuance of a writ of attachment before the maturity of the debt, was construed.

2. Where, in a suit under the statute first cited, the gist of the action is the alleged negligent failure of the defendant, a physician, to remove the plaintiff's left eye, which had been injured, and which the defendant was treating, before the right eye had become so far diseased as to render its removal also necessary, an affidavit which, after stating how and when the injury was received, the employment of the defendant, and frequent suggestions to him by the plaintiff, in view of the inflammation in both eyes and the increasing impairment of the vision of the right eye, of the advisability of the removal of the injured eye, avers that on or about a certain date the plaintiff, after consultation with other physicians and surgeons, became of the opinion that it was necessary to remove the left eye, in order to save the right eye, is insufficient, as, conceding that the plaintiff was possessed of sufficient skill to express an opinion upon the subject, the affidavit shows that he did not do so, but relied upon the unsworn statements of other physicians, the precise nature of which does not appear.

*Mandamus.* Argued January 30, 1894. Denied May 22, 1894.

Relator applied for *mandamus* to compel respondent to vacate an order quashing a writ of attachment. The facts are stated in the opinion.

*Brown & Lovelace,* for relator.

*Bunker & Carpenter,* for respondent.

MONTGOMERY, J. This is an application for a *mandamus* to require the respondent to set aside an order quashing a writ of attachment. The writ was issued in an action of tort against a non-resident defendant, and the circuit judge was of opinion that the affidavit was insufficient.

The action was against a physician, for malpractice. The affidavit stated, in substance, that the facts upon which the cause of action was based were as follows: That on the 28th of February, 1890, while deponent was engaged in splitting wood, a sliver penetrated the ball of his left eye, and destroyed the sight of the eye; that plaintiff employed defendant to treat him, and stated to him the facts as to the cause of the injury to the eye, and that defendant commenced treating plaintiff for the injury, and continued to treat him until the 15th of July, 1890; that shortly after the date of the injury a severe inflammation set in, and continued during all the time that defendant treated the plaintiff; that, within a few days after the defendant began the treatment, the plaintiff's right eye, through sympathetic action with the injured eye, became weak and affected, which fact was communicated by the plaintiff to the defendant; that such weakness continued from day to day until about the 1st of May, at which time severe inflammation set in in said right eye, and that the vision of the right eye became impaired, all of which facts were communicated by plaintiff to said defendant.

The affidavit further states:

"That deponent mentioned to said defendant that it might be advisable to remove the said left eye, in order to save the sight of said right eye, but that said defend-

ant stated to deponent that such action was not necessary to save the sight of said right eye; that after said 1st day of May the inflammation in both of said eyes continued, and the vision of said right eye became more and more impaired, and deponent suffered great pain in said right eye, and at divers times between said 1st of May, 1890, and the 1st of July, 1890, while said inflammation continued in both eyes, the deponent suggested to said defendant the propriety of removing said left eye, in order to save and protect the sight of said right eye, but that each time said defendant said that it was not necessary so to do in order to save and protect the sight of said right eye; that said inflammation in each of said eyes grew worse from day to day; * * * that on or about the 15th of July, 1890, this deponent, after consultation with other physicians and surgeons, became of the opinion that it was necessary to remove said left eye, in order to save the said right eye; and thereupon this deponent left said defendant, and would be treated by him no longer, but consulted another physician and surgeon, and had said left eye removed, but that the inflammation of said right eye had continued so long, and become so great, by reason of the neglect of said defendant to remove said left eye at the proper time, as he should have done, that said operation would not and did not restore said sight to said right eye, but that said right eye became and was wholly blind, and that afterwards this deponent was compelled to and did have said right eye removed."

It is then further stated that the defendant conducted himself in an ignorant, unskillful, and negligent manner, and did not and would not use due care, skill, and diligence in and about the treatment of said right eye, and negligently and carelessly failed to remove said left eye, in order to save and protect the sight of said right eye.

The statute [1] authorizing the issuing of a writ of attachment in actions of tort provides, in section 2, that—

"An affidavit shall be annexed to said writ before its execution, and before the order prescribing the amount of property that may be attached as provided by section three

---

[1] Act No. 154, Laws of 1883 (How. Stat. § 8025a et seq.), as amended by Act No. 89, Laws of 1893.

of this act, which shall be made by the plaintiff in such action, or by some other person by him authorized so to do who shall· have a knowledge of the facts stated therein, and which affidavit shall fully state and describe the cause of action, also that the defendant is a non-resident," etc. Laws of 1893, p. 94.

This statute should be strictly construed, and the facts required by the statute to be stated in, the affidavit must be set out upon the knowledge of the affiant, and with reasonable certainty. The principle is not different than that involved in *Howell v. Circuit Judge,* 88 Mich. 361.

A statute of New York requiring that in actions upon contract, before attachment shall issue, the nature of the action shall be stated, has been construed by the courts of that state; and it has been held that a mere recital of facts, without. a direct statement of the existence of such facts, is insufficient, and that, in an action for a breach of an agreement, it must be shown by positive statements, and not by way of recital, what the agreement is, and it must be shown with equal directness in what respect there has been a failure of performance. *Manton v. Poole,* 67 Barb. 331. See, also, *Pomeroy v. Ricketts,* 27 Hun, 242. The same principle is involved, precisely, as in cases where an affidavit is required before an arrest is authorized, in which case the affidavit must contain a complete statement of facts sufficient to show the plaintiff entitled to recover if the facts are undisputed, and this statement must be upon the personal knowledge of the affiant. See *Sheridan v. Briggs,* 53 Mich. 569.

The gist of the action in the present case was the negligent failure of the defendant to remove the infected left eye before the right eye became so far diseased as to render it necessary that that, also, should be removed, and to make a *prima facie* case it was necessary to show that this condition arose after the employment of the physician, and that the removal of the eye at some time after the defend-

ant was employed would have been effective to prevent loss of the right eye. In other words, it was necessary to show in the affidavit the facts which constituted negligence on the part of the defendant, before a cause of action is stated. The only manner in which the plaintiff has attempted to do this is by stating that—

"On or about the 15th of July, 1890, this deponent, after consultation with other physicians and surgeons, became of the opinion that it was necessary to remove said left eye, in order to save the said right eye."

Even if plaintiff possessed sufficient skill to express an opinion upon this subject, the affidavit shows that he did not do so, but relied upon the unsworn statements of other physicians, the precise nature of which does not appear.

We think the circuit judge was right in holding the affidavit not sufficient, under the statute, and the writ will be denied.

The other Justices concurred.