MOSHER v. BAY CIRCUIT JUDGE.

108  503
118  360

1. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—ATTACHMENT FOR DEBT NOT DUE.

Act No. 149, Pub. Acts 1889 (3 How. Stat. § 8016*a*), authorizing the commencement of suit by attachment before the maturity of the debt, is not in conflict with section 43, art. 4, of the Constitution, which provides that the legislature shall pass no bill of attainder, *ex post facto* law, or law impairing the obligation of contracts.

2. ATTACHMENT FOR DEBT NOT DUE—SUFFICIENCY OF AFFIDAVIT·

The statute authorizes the issuance of the writ upon an affidavit complying with the requirements of the general statute, except that, instead of stating the indebtedness to be due, it shall set up facts sufficient to satisfy the circuit judge of the propriety of allowing the writ to issue before the debt is due. *Held,* that, as under the general statute, the writ may issue where the requisite facts, except the fact of indebtedness, are stated on information and belief.

3. SAME.

Evidence of circumstances indicating that the debtor's property is being disposed of, or seized by others, and that there is danger that the creditor may lose his claim, is sufficient to justify the allowance of the writ before the maturity of the debt.

4. SAME—PARTIES—NEGOTIABLE PAPER.

An affidavit for attachment under the statute cited showed that the debt was evidenced by copartnership notes indorsed by the payee, that the notes were made and negotiated upon a

joint venture, and that the indorser himself negotiated them fraudulently. *Held,* that the affidavit was sufficient to authorize an attachment against the indorser as well as the makers, even though presentation and notice of nonpayment might be necessary to hold the indorser before judgment taken,—a point not decided.

*Mandamus* by Alfred Mosher, Jr., to compel Andrew C. Maxwell, circuit judge of Bay county, to quash a writ of attachment issued against relator and others at the suit of the First National Exchange Bank of Port Huron. Submitted January 28, 1896. Writ denied March 3, 1896.

*Theodore F. Shepard* (*McDonell & Hall,* of counsel), for relator.

*T. A. E. & J. C. Weadock* (*Atkinson & Wolcott,* of counsel), for respondent.

HOOKER, J. An attachment was issued upon a claim not due, under Act No. 149, Pub. Acts 1889 (3 How. Stat. § 8016$a$). The circuit judge declined to quash the proceedings, and a *mandamus* is asked to compel such action. The return shows that the only question presented in the circuit court was the constitutionality of the law, and therefore that is the only question for us to consider. We find nothing in the act which contravenes article 4, § 43, of the Constitution, which is the constitutional provision alleged to be violated by this law. Such laws have been held valid and are in force in many of the States.

It is further contended that the affidavits for the writ of attachment were insufficient to support such writ. If that question can be reviewed upon this proceeding, it must be because the writ of attachment is void for want of a sufficient foundation. The statute (Act No. 149, Pub. Acts 1889) does not forbid the issue of writs of attachment upon the same kinds of affidavits as were previously sufficient, viz., where the requisite facts, except the fact of indebtedness, are shown upon information and belief. It

attempts to enlarge the remedy by applying it to debts not yet due, and requires the affidavit to state additional and other facts, sufficient to satisfy the circuit judge of the propriety of allowing the writ to issue before the debt is due.  The statute is silent as to the nature of the reasons upon which he may act, but we are of the opinion that evidence of circumstances that should indicate that the defendant's property was being disposed of or seized by others, and that there was danger that plaintiff might lose his claim, would be quite sufficient.  In this case the affidavit alleges positively the existence of the debt, and when due.  It states upon information and belief that the debt was fraudulently contracted, and it alleges circumstances—some positively, and some upon information and belief—which might well convince the judge that a writ should issue at once.  We think there was sufficient to warrant the court in taking that view of the case, although some things are stated upon hearsay.

Several grounds set up in the motion are too broad to indicate in what the defects consist.  Those which are not may be disposed of as follows:  The affidavit of Hargrave may be dispensed with, and still leave the statutory cause shown for the issue of the writ.  The affidavit of the plaintiff's cashier states that the two Moshers (being partners) and Maltby were indebted upon certain claims, and, although it is shown that the latter was payee and indorser of paper made by the Moshers, all might be sued together, under the statute, after maturity; and the affidavit states positively that Maltby himself stated that the notes were made and negotiated upon a joint venture, and it also appears that Maltby himself negotiated them fraudulently.  We think, therefore, there is no difficulty in holding that this was a proper case for the issue of an attachment against all, although presentation and notice of nonpayment should be held necessary to hold the indorser before judgment taken,—a question we do not intend to be understood as determining at this time.  The circuit judge returns that these questions were not pressed upon

the argument of the motion, and there is force in the contention that they were waived. We have thought best to pass upon them, however.

The writ is denied.

The other Justices concurred.