E. H. CHASE & CO. *v.* WAYNE CIRCUIT JUDGE.

ATTACHMENT FOR DEBT NOT DUE—SUFFICIENCY OF AFFIDAVIT.

An affidavit for attachment, which sets up the surreptitious transfer from defendant's place of business to a private residence of a portion of a stock of goods purchased from plaintiff on credit, the disposition of others to personal friends financially irresponsible, the mortgaging of the stock to its full value, and the false representation to other creditors that plaintiff's claim had been paid,—is sufficient to authorize the issuance of the writ, under 3 How. Stat. § 8016a, before the maturity of the debt.

*Mandamus* by E. H. Chase & Company to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order quashing a writ of attachment. Submitted October 4, 1898. *Mandamus* granted October 18, 1898.

Counsel for relator, in their brief, give the substance of the affidavits for attachment, as follows:

"(*a*) That the defendant, Kaufman, was indebted to the relator in the sum of $1,136.

"(*b*) That relator had good reason to believe that defendant was guilty of the several acts of fraud incorporated in the affidavits, admissible under the statute in reference to a debt due.

"(*c*) That on February 12th Kaufman had executed two chattel mortgages,—one to Mihalovitch, Fletcher & Co., for $1,231.24, and one to A. J. Groesbeck, as trustee for certain creditors, for $349.18.

"(*d*) That on February 12th affiant was at Kaufman's place of business, and that a large part of the goods sold by his firm were of recent purchase, yet that deponent was able to find but a small portion of the goods at such place.

"(*e*) That the stock of goods of Kaufman would not exceed from twelve to fifteen hundred dollars.

"(*f*) That outside of the indebtedness of $1,231.24 to Mihalovitch, Fletcher & Co., and $349.18 to Groesbeck, and $1,136 to relator, Kaufman had other debts, to his knowledge, aggregating $2,989.59.

"(*g*) That affiant had been informed by a brother of defendant that his outstanding indebtedness was from twelve to fifteen thousand dollars.

"(*h*) That Kaufman, at an early hour in the morning of February 12th, had taken a wagon loaded with three barrels of whisky, and 20 new kegs, and a number of cases of liquors and wines, to the rear of the private residence of one Sol. Kaufman, on Mullet street.

"(*i*) That on February 12th affiant went to the store of one Joseph Neiderlander, a friend of Kaufman, and financially irresponsible, and found a portion of his goods at the store of said Neiderlander, who claimed to have bought them.

"(*j*) That affiant had made an investigation, and could find no goods or property of Kaufman, real or personal, outside of that contained in his store or in Neiderlander's store, and in the private residence of Sol. Kaufman.

"(*k*) Robert Schlesinger's affidavit also accompanied the application. He showed that in December, 1897, and January and February, 1898, his firm, of Rosenthal & Sons, sold goods to Kaufman; that, as an inducement to such sale, Kaufman represented that he had discounted the bills of Chase & Co., and that he owed no one, of any consequence, outside of the firm of Mihalovitch, Fletcher & Co.

"(*l*) Schlesinger's affidavit further showed that he had had frequent conversations with Kaufman, and that, besides the amounts embraced in the mortgages to Mihalovitch, Fletcher & Co. and Groesbeck, he knew that Kaufman owed certain bills, amounting in the aggregate to over $4,000.

"(*m*) Further, that he had frequently been in the business place of Kaufman, and was familiar with the approximate value of the stock of goods in that store, and that, in

his opinion, they would not exceed in value from twelve to fifteen hundred dollars.

. "(n) Henry Look's affidavit also accompanied the application, and showed that he was deputy sheriff; that a writ of attachment was placed in his hands on February 12th; that he went with the writ to the house 112 Mullet street, where he had been informed that some portion of Kaufman's goods had been taken; that upon arriving there he discovered in the alley, in the rear, a wagon containing three barrels of whisky; that he thereupon attached the same; and that said 112 Mullet street was a private residence."

*Warner, Codd & Warner*, for relator.

*Sloman & Groesbeck*, for respondent.

MOORE, J.   This is an application to require the circuit judge to vacate an order quashing a writ of attachment issued in a suit wherein relator is plaintiff and Abraham B. Kaufman is defendant.   The debt from defendant was not due at the time the writ was sued out.   It is claimed on the part of the respondent that the writ was properly quashed; citing *Howell* v. *Muskegon Circuit Judge*, 88 Mich. 361, and *McCrea* v. *Muskegon Circuit Judge*, 100 Mich. 375.   The writ of attachment was based upon three affidavits.   These affidavits, in addition to showing such facts as would have been sufficient, if the debt had been due, to entitle the relator to the writ, showed in detail such facts and circumstances as to establish, by a reasonable and logical inference, fraud upon the part of the defendant, and showed the necessity for the issuance of the writ of attachment before the debt came due.   These affidavits supplied the proof of facts and circumstances which were lacking in the case of *Howell* v. *Muskegon Circuit Judge, supra*, and *McCrea* v. *Muskegon Circuit Judge, supra*.   We think the affidavits comply with the requirements of the statute (3 How. Stat. § 8016a), as construed in *Mosher* v. *Bay Circuit Judge*, 108 Mich. 503.

The writ will issue as prayed.

The other Justices concurred.