EDWARD S. PEASE v. CHARLES E. PENDELL.

*Arrest—Affidavit for capias—Entry of default.*

1. An affidavit for a capias for assault is sufficient if it states facts that would make a prima facie case on a criminal trial.

2. It is unimportant that a capias purports to be in an action of trespass on the case, if the affidavit therefor recites facts sufficient to sustain it as a capias in trespass.

3. Entry of default in the condition of a bail bond is only the formal expression of a plaintiff's determination to rely upon the breach; the beginning of suit would be as effectual. And where the condition is to put in special bail within a fixed time such bail cannot be put in after suit upon the bond is actually begun, even if default was not entered.

Error to Saginaw. (Gage, J.) June 4.—June 10.

DEBT. Defendants bring error. Affirmed.

*Edget & Brooks* for appellant.

*Holden & Harris* for appellee. An affidavit to hold to bail is sufficient if it clearly discloses a case of assault and battery and alleges damages: *Wilcox v. Ismon* 34 Mich. 268; proceeding in the original suit is equivalent to an entry of default on a bail bond: *Huguet v. Hallet* 1 Cai. 55; *Prior v. Bodrie* 49 Mich. 200; *Beecker v. Simmons* 7 Johns. 119.

COOLEY, C. J. Action upon a bail-bond taken by the sheriff in making an arrest upon a capias. The affidavit upon which the arrest was made was as follows:

"*State of Michigan, County of Saginaw—ss.:* Edward S. Pease, being duly sworn, deposes and says he is a resident of the city of East Saginaw, in said county of Saginaw, and that on the twenty-third day of February, A. D. 1883, at the village of Roscommon, in the county of Roscommon, State of Michigan, John Mahoney, late of the said village of Roscommon, with force and arms accosted and violently attacked this deponent upon the street in the said village of Roscommon, where this deponent then was, and without any provocation whatever, then and there unlawfully laid hold of this deponent, and with great force and violence knocked him

down, and with his hands and feet dealt this deponent several'
violent blows upon his head, face and other parts of his body,
and gouged the eyes of this deponent, and then and there-
with force and arms in and upon him, this deponent, did
make an assault, and did beat, bruise, wound, ill-treat and'
commit an assault and battery upon this deponent, by reason
whereof this deponent became and was sick and was disabled
from attending to his affairs and business for a long space of
time, to wit, for the space of three weeks then next ensuing
and suffered great bodily pain and mental distress, and in
consequence of such beating, bruising, wounding and ill-
treating this deponent was compelled to and did expend a
large sum of money in procuring medicines, medical aid, and
nursing and was damaged thereby, by loss of business and
expenditures of money in restoring himself to health and
curing himself from the injuries so inflicted, and in mental
distress and bodily pain, in a large amount, to wit, the sum
of ten thousand dollars.            EDWARD S. PEASE.

Subscribed and sworn to before me this third day of April,.
A. D. 1883.

JOHN A. STEINLEIN,
Notary Public in and for Saginaw County, Mich."

Bail was ordered in the case in the sum of $1000, and the:
defendants in this case became sureties to the officer, and·
Mahoney was discharged from the arrest. How. Stat. §§
7304, 7306. The condition of the bail-bond was to put in·
special bail within twenty days after the return-day of the·
writ; but this was not done, and the present suit was insti-
tuted and a recovery had for the penalty of the bond. No-
default was entered before bringing this suit. After suit
was brought, the defendant in the original suit, assuming that
because of the want of default, he might proceed to give and'
perfect special bail, went through the formality of doing so,
and of being surrendered by the sureties. The plaintiff tak-
ing no notice of the proceedings, his default was entered.
This attempt to give bail and to default the plaintiff sub-
sequent to the commencement of the present suit, were held·
by the court below to be of no force.

The defendants in this Court take the ground that the bail-
bond given to the sheriff was void, because the affidavit for·
arrest was not sufficiently specific in its recitals of the facts.

To this the cases of *Proctor v. Prout* 17 Mich. 473; *People v. McAllister* 19 Mich. 215; *Brown v. Kelley* 20 Mich. 33; *Badger v. Reade* 39 Mich. 771; *Sheridan v. Briggs* 53 Mich. 569 and *Stensrud v. Delamater* 56 Mich. 144, are cited. None of them is in point. In every case referred to, the affidavit, which was held insufficient, stated conclusions only, not facts. But this affidavit states facts sufficient, if sworn to in a criminal trial, to make out a prima facie case.

The capias issued in the case is objected to as being in trespass on the case, and the variance between that and the affidavit is relied on. But though the capias probably by inadvertence designates the action as trespass on the case it recites sufficiently the facts set out in the affidavit to make it a capias in trespass. The defendants also rely in this Court, as they did in the court below, on the right to put in and perfect special bail at any time before default was entered for failure to do so, and *De Myer v. McGonegal* 32 Mich. 121, is cited. But that case is not in point, for there no suit had been brought on the bond to the officer. The entry of default is only the formal expression of the plaintiff's determination to rely upon the breach in the condition of the bond, and the commencement of suit must be equally effectual for that purpose.

Some other objections are made to the recovery, but they do not appear to us to merit special notice.

The judgment must be affirmed.

The other Justices concurred.