ADRIAN LAMPER v. JOHN H. ROBERTS.          83  547
                                           119  500

*Arrest—Civil warrant—Sufficiency of affidavit.*

An affidavit for a civil warrant which sets forth that the defendant represented to the plaintiff that he was superintendent for a railroad contractor, and authorized to hire men and teams, and that he would pay $3.50 per day for the services of plaintiff and his team, and furnish transportation to the place where the work was to be done, where he would be furnished accommodations at $1 per day, and that in reliance upon such representations, which were averred to be false, plaintiff agreed to go to work at the price stated, and on arriving at the place designated was informed by a person claiming to be the contractor that defendant had no authority to hire men or teams, and that plaintiff would only be paid $2.25 per day, for which sum he worked for a time and then returned to his home, while not as clearly framed as is desirable, is sufficient to give the court jurisdiction.

Error to Kalamazoo. (Buck, J.) Argued November 20, 1890. Decided December 5, 1890.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Osborn & Mills,* for appellant, contended:

1. The warrant was authorized, if at all, under How. Stat. § 6832, subd. 3, but could not issue until such an affidavit as is required by section 6834 had been filed, which was not done; citing *In re Teachout,* 15 Mich. 346; *Proctor v. Prout,* 17 Id. 473; *People v. McAllister,* 19 Id. 217; *Brown v. Kelley,* 20 Id. 27; *In re Stephenson,* 32 Id. 60; *Hackett v. Circuit Judge,* 36 Id. 334; *Badger v. Reade,* 39 Id. 774; *DeLong v. Briggs,* 47 Id. 624; *Meddaugh v. Williams,* 48 Id. 172; *Sheridan v. Briggs,* 53 Id. 569.

*L. N. Burke,* for plaintiff.

GRANT, J. This suit originated in justice's court, where the plaintiff recovered judgment for $22. Defend-

ant took a special appeal to the circuit court, where the judgment was affirmed, and defendant appeals to this Court. The only question involved is the sufficiency of the affidavit upon which a civil warrant was issued for the arrest of the defendant.

The affidavit set forth that Roberts represented himself as the superintendent of one Fitzgerald, who was constructing a railroad in the county of Lake, and that he was authorized to hire men and teams for Fitzgerald; that he would pay $3.50 per day for the services of plaintiff and his team; that good and suitable shelter and accommodations for plaintiff and team at $1 per day would be furnished; that he would furnish transportation for plaintiff and team from Kalamazoo to Baldwin, in Lake county; that, relying on the truth of these representations, plaintiff agreed to go and work for the price and upon the conditions above stated; that, upon arriving at Baldwin, he was informed by the party claiming to be Fitzgerald that Roberts was not authorized to hire men or teams; that his contract could not be recognized, and that he would be paid only $2.25 per day; and that plaintiff worked a while and then returned. Other circumstances of an aggravating character are stated in the affidavit, but it is unnecessary to give them here. It is alleged that the representations made by Roberts were false and fraudulent.

While the affidavit is not as well or as clearly framed as is desirable, yet we think it sufficient to give the court jurisdiction. If the allegations were true, a gross fraud has been perpetrated upon the plaintiff, and, according to the affidavit, the defendant was the party responsible for it.

Judgment affirmed, with costs.

The other Justices concurred.