WRIGHT *v.* WAYNE CIRCUIT JUDGE.

1. CAPIAS — SUFFICIENCY OF AFFIDAVIT — KNOWLEDGE OF AF-
FIANT.

An affidavit for a *capias ad respondendum* alleged that, on a
day specified, defendant said of and concerning deponent,
"You (meaning this deponent) stole my wheel;" that de-
fendant charged deponent with the larceny of said bicycle,
saying to a certain police officer, "That woman (meaning
this deponent) stole my wheel, and I want her locked up;"
and that thereupon defendant caused deponent to be arrested
by the police officer there present. *Held,* that the language
sufficiently imported that some of the statements were made
to affiant personally, and that she had personal knowledge of
the facts stated in the affidavit.

2. SAME—APPEARANCE.

The fact that a writ of *capias ad respondendum,* following the
form prescribed by Circuit Court Rule No. 1, states the time
within which defendant may enter his appearance as 15 days
after service of the writ, while the statute (2 How. Stat. §
7306), which must govern in such cases, allows 20 days
after the return day, does not render the writ void.

*Mandamus* by Oliver A. Wright to compel George S.
Hosmer, circuit judge of Wayne county, to quash a writ
of *capias ad respondendum.* Submitted February 21,
1899. Writ denied March 6, 1899.

*Selling & Hatch,* for relator.

*Frank C. Cook* and *R. E. Van Syckle,* for respondent.

MOORE, J. The relator was arrested upon a writ of
*capias ad respondendum.* He moved the respondent
to quash the writ. His motion was overruled. This is a
proceeding to have the order overruling his motion vacated.
Two questions are involved: *First.* Was the affidavit
insufficient? *Second.* Was the writ of *capias* void as
being contrary to the terms of the statute?

The relator contends the affidavit does not show the facts stated therein were within the personal knowledge of the affiant, and for that reason is fatally defective; citing *Proctor* v. *Prout*, 17 Mich. 473; *Brown* v. *Kelley*, 20 Mich. 33; *Badger* v. *Reade*, 39 Mich. 774; *Marble* v. *Curran*, 63 Mich. 288; *Graham* v. *Cass Circuit Judge*, 108 Mich. 425; *Shaw* v. *Ashford*, 110 Mich. 534.   These cases undoubtedly establish the doctrine that the affiant must state he has personal knowledge of the facts stated in the affidavit, or that fact must be made to appear by what is stated in the affidavit.   The language used in the affidavit is in part as follows:

"On the 16th day of July, 1898, * * * said Oliver A. Wright then and there said of and concerning this deponent, * * * 'You (meaning this deponent) stole my wheel;' 'that woman (meaning this deponent) stole my wheel, and I want her locked up,'—thereby meaning to insinuate * * * that this deponent had been guilty of the crime of larceny; * * * that said Oliver A. Wright * * * charged this deponent * * * with the larceny of said bicycle, the property of Oliver A. Wright, in manner and form aforesaid, saying to a certain police officer of the city of Detroit there present, 'That woman (meaning this deponent) stole my wheel, and I want her locked up;' and that thereupon the said Oliver A. Wright then and there falsely and maliciously caused and procured this deponent to be arrested and taken into custody by the said police officer there present upon the aforesaid charge," etc.

Giving this language its ordinary meaning, the conclusion is irresistible that some of these statements were made to affiant personally, and that the affiant knew of her own personal knowledge the facts stated in the affidavit.   The affidavit was not defective.   *Pease* v. *Pendell*, 57 Mich. 315; *Hatch* v. *Saunders*, 66 Mich. 181; *Lamper* v. *Roberts*, 83 Mich. 547; *Paulus* v. *Grobben*, 104 Mich. 42.

It is claimed the writ of *capias* is void, because it commands the defendant, if he desires to defend, to have his appearance entered within 15 days after service of the

writ, while the statute (2 How. Stat. § 7306) gives the defendant 20 days after the return day; citing *Reid, Murdock & Co.* v. *Benzie Circuit Judge*, 115 Mich. 418. This case holds that proceedings by *capias* are governed by the statute, and not by the rules of court. Section 7295, 3 How. Stat., provides what the form of the writ shall be, and contemplates it may be altered by rule of court. Cir. Ct. Rule No. 1 prescribes the form of the writ. The form there prescribed was followed in this case. The right to appear in the case is controlled by the provisions of the statute, and nothing was done in the case which has deprived the relator of that right. We do not think it follows that the writ is void because the time stated therein for entering an appearance is shorter than the time fixed by statute.

The writ of *mandamus* is denied.

The other Justices concurred.