ROBINSON *v.* BRANCH CIRCUIT JUDGE.

1. ARREST—CAPIAS—AFFIDAVIT—SUFFICIENCY.

Generally speaking, an affidavit for a capias must aver, in terms, that the facts and circumstances enumerated therein are within the personal knowledge of the affiant.

2. SAME—MOTION TO QUASH CAPIAS—DENIAL—MANDAMUS.

An affidavit for a capias charged relator with official misconduct, evidenced, in part, at least, by public records, and affiant stated that, according to such records, which he had examined, and of which he produced copies, certain things appeared. Relator admitted that the facts shown by the records were true, but contested only the conclusion drawn by affiant therefrom. *Held*, that mandamus, not being a

writ of right, would not be granted to compel the vacation of an order denying a motion to quash the writ, because the affidavit was not sworn to on affiant's personal knowledge.

Mandamus by Tom F. Robinson to compel George L. Yaple, circuit judge of Branch county, to set aside an order denying a motion to quash capias ad respondendum proceedings. Submitted October 31, 1905. (Calendar No. 21,343.)   Writ denied November 21, 1905.

*Reynolds & Reynolds*, for relator.

*P. J. Ashdown*, for respondent.

Ostrander, J.   Relator was arrested July 6, 1903, upon a writ of capias ad respondendum, gave a bond for his appearance, in accordance with an order indorsed upon the writ, and was released from custody. July 17, 1903, a declaration was filed in the cause.   Without entering appearance, respondent, on August 15, 1903, moved to quash the proceedings, basing the motion upon his own affidavit, filed, and the records and files of the case.   The particular reasons stated in the motion are:

1. That the affidavit for the writ does not show the facts therein stated to be within the personal knowledge of affiant.

2. That such facts were not within the personal knowledge of affiant.

3. That the affidavit does not show that plaintiff, village of Union City, has a claim for damages for the cause of action stated in the writ.

4. That the said affidavit does not state any fact or facts showing fraud on the part of defendant (relator).

5. That the said affidavit is indefinite.

6. Same in substance as (1) and (2).

7. That a certified copy of the said affidavit was not served upon relator.

This motion coming on in March, 1904, to be heard, it was denied.   In May, 1904, relator renewed his motion to quash, basing it upon the record and files, upon his affidavit, and the affidavits of others.   Excepting the seventh,

the reasons assigned in this motion are like those in the motion first made. This motion was, in July, 1905, after hearing, denied. Thereafter relator applied to this court for, and obtained, an order requiring the circuit judge to show cause why the writ of mandamus should not issue to compel the setting aside of the orders denying said motion to quash and the entry of an order quashing the proceedings.

It is stated in the return, and it appears from the papers, that no reason was given for not including in the first motion all of the matters appearing in the second motion to quash. The affidavit, the sufficiency of which is questioned, was made by the president of the village of Union City for and in behalf of said village. Attached to the affidavit, and referred to in the affidavit, are certain alleged copies of village records, certified to by the proper custodian of said records under seal of the village. The affidavit, omitting formal parts, and omitting the copies of records referred to therein, reads as follows:

" Alfred R. Barrett, of the village of Union City, in said county, being duly sworn, deposes and says that he is the duly elected and qualified, and, as such, acting as the president of the village of Union City, county of Branch, duly incorporated as such under the laws of the State of Michigan, and as such president and officer makes this affidavit for and in behalf of said village of Union City.

" Deponent further says that, by virtue of his said official position, he has authority, and does, as such, and has at different times heretofore examined the books, records, and papers of all officers of said village, and all records pertaining to the business and proceedings of said village of Union City.

" Deponent further says that he has examined the records of the council proceedings of said village of Union City, and that the following is a true copy of a resolution, as appears of record in the journal of said council proceedings of said village of Union City:

" ' Council Chambers, Union City, Mich., Feb. 23, 1903.
" ' On motion of Trustee Bradner, the sum of three hundred and thirty dollars was appropriated for the purchase of one thousand

copies of Peerless Union City, and the payment of postage thereon, said copies to be mailed to various parts of the country for advertising, under the direction of the clerk.'

"Deponent further says that the foregoing resolution is the only resolution or proceeding or record of any nature of the action of said council of the said village relative to the subject-matter in said resolution contained, either before or since the date thereof.

"Deponent further says that, as is also shown by the records of said village of Union City, at the date of said resolution, and for some time prior thereto, Tom F. Robinson was the duly elected and qualified clerk of said village, and acting as such. That said Tom F. Robinson was then and there the author and publisher, and directly interested in the compilation and the sale of, said Peerless Union City, an illustrated and descriptive publication of biographical and historical reminiscences of said village of Union City.

"Deponent further says that the said Tom F. Robinson, while so acting as clerk of said village, as aforesaid, and while so interested in the publication and sale of said Peerless Union City, as aforesaid, he, the said Tom F. Robinson, then and there contriving and intending to, without authority, illegally and unlawfully, secretly and fraudulently, did on the evening of said 23d day of February, 1903, the same date the aforesaid resolution bears date, did then and there draw an order or warrant in favor of and payable to himself, without the presentation of any bill or claim whatsoever in favor of himself or any other person to the said council, and without any authority from said council, or any person in behalf of said village, and did afterwards, on the 28th day of February, 1903, present to the bank said order or warrant, without having same indorsed by the president of said village, and did then and there draw the amount of three hundred and thirty dollars thereon from the funds of said village for his own use, as shown by the records and books of said village of Union City, a certified copy of which book record and entry on stub record, certified by the clerk of said village, is hereto annexed and made a part hereof.

"That said Tom F. Robinson, further contriving and intending to deceive and defraud said village of Union City, did on the evening of the 28th day of February, 1903, after the drawing of said order or warrant in favor of himself, and after receiving and drawing the said

amount of three hundred and thirty dollars thereon, did make and submit his final annual report to the said council of said village of the amounts drawn on orders or warrants, and the financial statement of the said village, in which said report said amount of three hundred and thirty dollars and the order and warrant drawn for the same, as aforesaid, and the amount so received by said Tom F. Robinson, as aforesaid, was suppressed and omitted, and no report thereof made to the council of said village at that time, nor at any other time since. A certified copy of which said report, certified by the clerk of said village of Union City, is hereto annexed and made a part of this affidavit.

" Deponent further says that it was not until after the expiration of the term of office of the said Tom F. Robinson as clerk of said village, which expired on the 16th day of March, 1903, when he was succeeded in office by George Styles as clerk, that for the first time it became known to the council of said village that said sum of three hundred and thirty dollars had been received and drawn by said Tom F. Robinson, as aforesaid.

" Deponent further says no copies of said Peerless Union City publication have ever been delivered to the said village of Union City by the said Tom F. Robinson. That no claim has, of any name or nature, ever been presented to the said village by the said Tom F. Robinson for and of said copies, and of said publication delivered, or claimed to have at any time been delivered, to the said village of Union City, or to any person or persons for the expense of said village of Union City. That deponent has served a written notice and demand on the said Tom F. Robinson, notifying and requiring the said Tom F. Robinson to furnish to the present clerk of said village a mailing list of the persons to whom copies of said Peerless Union City has been mailed, if any, and also in said written notice demanding of said Tom F. Robinson to return to treasurer of said village of Union City the balance pro rata, to the amount of thirty-three cents per copy, of all copies less than one thousand that has been mailed out by the said Tom F. Robinson during the time he remained in office as the clerk of said village, which said demand and notice was made on behalf of said village, was made as a means and for the purpose of a compromise proposition on behalf of said village for a settlement of said matter between the said village of Union City and the said Tom F. Robinson.

" Deponent further says that the said Tom F. Robinson has admitted to this deponent that he, the said Tom F. Robinson, has never at any time delivered to the said village of Union City the said one thousand copies of said Peerless Union City publication, and that he, the said Tom F Robinson, has never at any time mailed out one thousand copies of the same, but claims to have so mailed out less than three hundred copies thereof to any persons on behalf of, or at the expense of, or to the charge of, said village of Union City; which said admissions, so made, as aforesaid, by the said Tom F. Robinson, that he had not delivered or mailed said one thousand copies to said village, nor any persons for said village, were made in person by said Tom F. Robinson to this deponent, and said admissions were also made in open meeting last held by the council of said village June 29, 1903, at the time deponent served the said notice and demand, as aforesaid, on said Tom F. Robinson, which was served on the 26th day of June, 1903.

" Deponent further says that the said Tom F. Robinson has paid no attention at all to said notice and demand so served on him, and that he has stated and informed deponent in person that he would pay no attention to it at all.     That said Tom F. Robinson has wholly refused to comply with the said notice and demand, has not accepted the opportunity therein proposed to compromise the matter, and has so informed deponent that he does not intend to.

" Deponent further says that said Tom F. Robinson has wrongfully, willfully, and intentionally deceived, defrauded, and misappropriated to his own use, from the moneys and the funds for the said village of Union City, the sum of three hundred and thirty dollars, and has appropriated the same to his own use, he, the said Tom F. Robinson, at the time thereof being an officer of said village of Union City, being duly elected by a vote at large of the voters of said village of Union City, duly qualified and acting as such at the time thereof.

"Deponent further says that the said Tom F. Robinson has never executed and delivered to said village any bond as such clerk, and that it has not been by said village required that the clerk of said village be required to give a bond in the past, and that therefore the said village is in no manner secured for the said amount of three hundred dollars, and affiant verily believes that the benefit of whatever judgment which the said village of Union

City may obtain in a suit against the said Tom F. Robinson will be in danger of being lost unless a capias ad respondendum be issued against the said Tom F. Robinson, and unless the said Tom F. Robinson be held to bail.

"Affiant further states that the said village has been and is greatly damaged and has suffered damages by the misconduct, neglect, and wrongful acts in public office of the said Tom F. Robinson to the amount of three hundred and thirty dollars, which said sum deponent verily believes said village of Union City is justly entitled to recover against said Tom F. Robinson."

The records referred to show a stub of an order in the stub book of the general fund having printed and written thereon, "$330. No. 3, Feb. 3, 1903. Name, T. F. Robinson. For 1,000 copies Peerless Union City and postage. General fund." Also a charge in the clerk's warrant book, under the head "General Fund," "Feb. 23rd, 1903. T. F. Robinson for books and postage, $330." Also a report signed by the president and clerk, Tom F. Robinson, approved by the council March 2, 1903, which purports to be the annual financial statement of the village for the year ending February 28, 1903, which does not contain any entry of the said sum of $330, indicated by the stub book and warrant book, aforesaid. There was also before the circuit judge, upon the hearing of the second motion, the affidavit of relator, filed in support of said motion, in which it is expressly admitted by relator that he did, while clerk of the village, enter into an arrangement to sell to the village copies of a publication in which he was personally interested; that he did make such sale, and did draw the order referred to, and had it cashed on February 28, 1903, in which affidavit, also, facts are set out tending to negative misconduct, fraud, or concealment on the part of relator in connection with the matter. The other affidavits filed by him tend also to prove the facts stated in the affidavit for the capias, and to negative the fraudulent or improper character of the transaction.

It is manifest that the circuit judge could not try the case between relator and the village upon affidavits,

and the only question here is whether the affidavit for the writ was defective, and whether relator, upon the whole record, is entitled to have the writ of mandamus issued in his favor. It is true, generally, that the affidavit must aver, in terms, that the facts and circumstances enumerated in the affidavit are within the personal knowledge of the affiant. *Shaw* v. *Ashford*, 110 Mich. 534; *Sheridan* v. *Briggs*, 53 Mich. 571. It does not follow, however, that in cases where a wrongful act is evidenced, in whole or in part, by public records, the remedy by capias must be denied because there is no one who can testify personally to the making of the record, or the truth of the entries found therein. The affiant states that, according to certain records, which he has examined, certain things appear, and he produces certified copies of the record to support his assertion. He avers that relator, while acting as clerk of the village of Union City, drew a certain order in his own favor on a certain day, and on a certain other day secured the money upon the order, "as shown by the records and books of said village of Union City." Affiant avers that the resolution of the council, set out in the affidavit, is the only resolution or proceeding of record relative to the subject-matter of said resolution. Having stated what the records show, and produced copies of the same, it further appearing that relator was an officer of the village and custodian of such records at the dates named, affiant reaches and states the natural conclusion. But whether or not the affidavit is technically sufficient, the writ asked for is not one of right, and, as relator made it to appear to the circuit court that the facts shown by the records set out in the affidavit are true, contesting and disputing only the conclusion of affiant, we shall decline to compel by mandamus vacation of the order denying the motion to quash.

Writ denied.

MOORE, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.