## CONRAD v. VAN BUREN CIRCUIT JUDGE.

ARREST—AFFIDAVIT—SUFFICIENCY—FACTS WITHIN KNOWLEDGE OF AFFIANT—CONCLUSIONS.

An affidavit for a capias ad respondendum from which it appears that the most important fact attempted to be stated therein, i. e. the debauching of plaintiff's wife, is a mere inference of the affiant from facts and circumstances not disclosed by him in the affidavit, is insufficient to justify the issuance of the writ and the arrest of the defendant under article 6, section 26, of the Constitution.

Mandamus by William Conrad to compel L. Burget Des Voignes, circuit judge of Van Buren county, to vacate an order denying a motion to discharge relator from arrest and avoiding his bail bond. Submitted March 13, 1906. (Calendar No. 21,579.) Writ granted July 3, 1906.

Relator was arrested on a writ of capias ad respondendum on the 11th day of September, 1905, and was taken into custody by the sheriff of Van Buren county in accordance with an order to hold to bail indorsed on said writ. Relator, having given a bond in the sum of $2,000, was released, and afterwards, on the 26th day of September, 1905, put in special bail as required by law. On the

10th day of November, a copy of the declaration in the cause was served upon relator, to which he filed his plea of the general issue on the 24th day of November, 1905, and, thereupon, made a motion to quash the action on the writ of capias in arresting the relator, to discharge the relator from bail, to avoid the bail bond, and discharge the sureties thereon for the following reasons:

" (*a*) Because it appears from the affidavit that the said affidavit, upon which the writ of capias ad respondendum was issued in pursuance of section 9996 of the Compiled Laws of 1897, was issued after the said writ had been issued.

" (*b*) Because the affidavit does not state a single fact or circumstance, but conclusions drawn by the deponent therein.

" (*c*) Because the affidavit does not state in terms, nor does the fact appear from what is stated in the affidavit, that it is made on the personal knowledge of the deponent, Howard Clowes.

" (*d*) Because the affidavit does not show that that which is stated therein is within the knowledge of the deponent, Howard Clowes.

" (*e*) Because the deponent, Howard Clowes, states in the affidavit in these words: 'All of which said actions and doings took place at the village of Lawton and at other places in said county unknown to this deponent.'

" (*f*) Because the affidavit does not allege, as provided by section 9996 of the Compiled Laws of 1897, that the affiant believes that the plaintiff is entitled to recover against the defendant for the cause of action stated.

" (*g*) Because the affidavit does not set out any cause of action."

This motion, having been brought on to be heard, was overruled by the circuit judge, and thereupon relator made a motion to set aside the order denying his motion, which motion was also denied. Relator thereupon applied to this court for writ of mandamus to require the circuit judge to vacate the order and to enter an order discharging the relator from arrest and avoiding the bail bond.

The affidavit upon which the capias was based is, so far as necessary to be considered here, as follows:

"That on or about the 15th day of April, A. D. 1905, at the village of Paw Paw, in said county, this deponent married one Phœbe McFadden (since known as Phœbe Clowes) and that at the time of the commission of the wrongs hereinafter mentioned, the plaintiff and his said wife were living together as man and wife in the village of Lawton, in said county; that immediately after the marriage of this deponent and the said Phœbe McFadden, they were living together as husband and wife in the said village of Lawton, and that the said William Conrad lived with them in their said home; that immediately thereafter, the said William Conrad laid plains to separate the said plaintiff from his said wife, and wrongly and wickedly and without the privity or connivance of the plaintiff, at various times since the said 15th day of April, 1905, debauched the said Phœbe Clowes, all of which said actions and doings took place at the said village of Lawton and at other places in said county unknown to this deponent and prior to the date of the commencement of this suit, by means whereof, the affections of the said Phœbe Clowes for the said plaintiff, which had hitherto existed, was wholly alienated and destroyed; that, by reason of the premises, the plaintiff has wholly lost the comfort, society, aid, and assistance of his said wife, which, during all the time aforesaid, he otherwise ought to have had and enjoyed.

"Deponent further says that during all of said time since the said marriage, the said William Conrad has, by false and fraudulent representations to the said Phœbe Clowes, endeavored and has succeeded in destroying the affections of the said Phœbe Clowes for the said plaintiff and has induced the said Phœbe Clowes to leave the home of this plaintiff, whereby his home is broken up and his domestic happiness destroyed; that the said Phœbe Clowes and the said William Conrad have together left the home of this plaintiff and now are residing together, and that the said Phœbe Clowes is living with and caring for the home of the said William Conrad, instead of living with this plaintiff and caring for his home, as she ought.

"Deponent further says that, in furtherance of his scheme to rob this plaintiff of the affections of his said wife, the said William Conrad has endeavored to hire other people to induce this deponent to drink intoxicating liquors and to become intoxicated, that he might picture

this deponent in an unfavorable light to the said Phœbe Clowes and thereby assist him in his nefarious scheme to rob this plaintiff of the affections of his said wife.

"Deponent further says that in furtherance of the scheme of the said William Conrad to rob this plaintiff of the affections of his said wife and to debauch and carnally know her, the said Phœbe Clowes, he has offered the said Phœbe Clowes large sums of money if she would leave this plaintiff and go and live with him, the said William Conrad.

" This deponent further says that he is informed and believes that the said William Conrad and Phœbe Clowes intend and are about to elope and leave the State of Michigan; that they have taken possession of this plaintiff's money and property amounting to a large sum, to wit, the sum of six hundred dollars, and are together scheming and conniving to take away from the State of Michigan with them all of this plaintiff's said money and property.

" Deponent says that the said William Conrad has so thoroughly supplanted this deponent in the affections of his said wife that she has left his home and refuses to have anything more to do with this deponent, and that the conduct of the said William Conrad with the said Phœbe Clowes, has become the talk and scandal of the village of Lawton; that it has broken this plaintiff's home, and that the said William Conrad has alienated all the plaintiff's wife's affections for him, the said plaintiff, causing him great sorrow and anguish."

*Eugene W. Lawton,* for relator.

*Russell M. Chase* and *W. J. Barnard,* for respondent.

Blair, J. (*after stating the facts*).   In my opinion, this affidavit was not sufficient to justify the issuance of the writ and the arrest of the relator thereunder.   The Constitution of the State (article 6, § 26) provides that " no warrant to search any place or to seize any person or things shall issue without describing them nor without probable cause, supported by oath or affirmation."   In *Brown* v. *Kelley*, 20 Mich. 27, this court had occasion to construe this provision of the Constitution as applied to a

warrant issued by a justice of the peace upon an affidavit setting out the facts relied on in the following words:

"That heretofore, to wit, on the seventeenth day of September, 1866, he placed in the hands of Jacob L. Brown the sum of three hundred dollars for safe keeping, to be kept by the said Jacob L. Brown until such time as this deponent should call for it; that the said Brown instead of restoring to this deponent the said sum of money so intrusted to him, converted two hundred dollars of the same to his own use and now wholly refuses to return the same to this deponent."

Chief Justice CAMPBELL, writing the opinion of the court, says:

"The affidavit is clearly defective. The statute requires it to set forth the facts and circumstances, within the knowledge of the person making the affidavit, constituting the grounds of the application. There is not a single fact or circumstance alleged here within the plaintiff's knowledge, tending to make out a case. The oath is to a mere conclusion of law. It does not show when or where or by whom any demand was made, or even that any demand was made at all upon Brown, or how he met the demand, if made. The necessity of such a showing is made more apparent in this case, when the plaintiff showed the facts and circumstances on the trial negativing the truth of his conclusions. The facts to be stated in the affidavit must be given in the same way as on the stand, by a distinct averment of each fact upon knowledge, and the facts must be such as in law tend to make out the cause of complaint. It is not for the party to draw his own inferences. He must state matters which would justify others in drawing them. The rules heretofore laid down in this court have always required the facts themselves to appear upon knowledge. No other rule would preserve the constitutional right against warrants not based on probable cause, supported by oath or affirmation. Const. art. 6, § 26; *Proctor* v. *Prout*, 17 Mich. 473."

In *Sheridan* v. *Briggs*, 53 Mich. 569, Mr. Justice CHAMPLIN, delivering the unanimous opinion of the court, says:

"The principle deducible from these cases is that an affidavit which is used as the basis of a writ which will de-

prive a person of his liberty, must not only set forth the facts and circumstances in detail, and not conclusions or inferences from facts, but they must be facts within the personal knowledge of the deponent.

"Applying these principles to the affidavit in question, it appears to be defective in that portion which contradicts the alleged representations; their falsity does not appear to be alleged upon the personal knowledge of the deponent, and the statements respecting the falsity of the representations are too indefinite to possess the quality of legal proof. If the deponent was called to the witness stand for the purpose of proving the falsity of the representations, it would not be competent for him to testify in the general, loose, and vague manner contained in his affidavit. Such testimony would not be admissible to establish the fact that the representations made were false. The affidavit upon which a person is held to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts set up or relied on for cause of arrest.

"The authorities referred to in plaintiff's brief apply to cases of pleadings, and not to affidavits or examinations which form the basis of a writ or warrant to arrest or imprison a person. What would be quite sufficient in a pleading would, in most instances, be entirely insufficient in an affidavit to hold to bail. The reason is obvious. In pleading, the evidence is not required to be set forth. But no arrest can be made except upon sworn evidence of facts."

The affidavit in the case before us is substantially a declaration in an action of trespass on the case for alienating the affections of the affiant's wife. While it is not essential that it should be stated in the affidavit in so many words that the facts relied upon are within the personal knowledge of the affiant, it is essential that facts and not conclusions should be stated, which are necessarily, or, at least, apparently, within the knowledge of the affiant. The most important fact attempted to be stated in this affidavit, the debauching of the affiant's wife, is manifestly an inference of the affiant from facts and circumstances not disclosed by him in the affidavit, since it is stated that "said actions and doings took place at the said village of

144 MICH.—32.

Lawton and at other places in said county unknown to this deponent." I do not think that the affidavit in the case now under consideration is as definite and positive as either of the affidavits considered in the cases above cited. See, also, *Robinson* v. *Branch Circuit Judge*, 142 Mich. 70.

The writ is granted, with costs.

OSTRANDER and MOORE, JJ., concurred. MONTGOMERY and HOOKER, JJ., concurred in the result.