MARTIN *v.* SAGINAW CIRCUIT JUDGE.

ARREST—CAPIAS AD RESPONDENDUM—AFFIDAVIT.
Relator's arrest on a capias should have been quashed, the writ
being improperly issued on the affidavit of the plaintiff in
the action that the defendant therein at a certain time and
place, in presence of a person named, uttered certain slander-
ous words, and also at other times and places unknown to
plaintiff, and in other discourses defendant published other
slanderous statements, since no allegation that plaintiff had
personal knowledge of the facts appeared in the affidavit,
and its averments tended to negative any such knowledge.

Mandamus by Fred J. Martin against William G. Gage,
one of the circuit judges of the county of Saginaw, to com-
pel respondent to quash a writ of *capias ad responden-
dum* and discharge relator from arrest thereon. Sub-
mitted October 8, 1912. (Calendar No. 24,879.) Writ
granted November 8, 1912.

*McHugh, Gallagher & McGann,* for relator.

*Thos. A. E. Weadock,* for respondent.

MOORE, C. J. Relator was arrested upon a writ of
*capias ad respondendum.* Later he gave a bond for his
appearance, and was released from custody. The portions
of the affidavit material to quote here are as follows:

"STATE OF MICHIGAN, County of Wayne—ss.:
"Madeline Clements Wanner of Detroit, in said county
and State, being duly sworn, deposes and says that she is
a married woman of the age of twenty-one years, having
been married to Charles A. Wanner in New York City on
the twenty-seventh day of June, A. D. 1911, by Rev. Mr.
Goodchild, a minister of the Central Baptist Church of
New York City; that since the year 1906 she has resided
at Detroit with her mother, Luella Clements, widow of
Harry Clements, formerly of Bay City, Michigan, where
the family formerly resided; that her father, Harry
Clements, died at Bay City on the thirty-first day of Octo-

ber, A. D. 1901, and that since that time she has resided constantly with her mother; that she, the said Madeline Clements Wanner, has a claim for damages against Fred J. Martin, residing at Saginaw, in the county of Saginaw and State of Michigan, for the cause of action stated in the writ hereto annexed, upon which she believes she is entitled to recover the sum of twenty-five thousand dollars, and this deponent further says that the facts and circumstances upon which her said claim is based are as follows: Said Fred J. Martin on the 9th day of August, A. D. 1911, in the writing room of the Congress Hotel, in the city of Chicago, county of Cook and State of Illinois, in a certain discourse which the said defendant then and there had with William H. Gallagher, of Detroit, in the presence and hearing of divers good and worthy persons, did speak, publish, and declare these false, scandalous, malicious, and defamatory words of and concerning this affiant."

Here follows language, which, if not true and not privileged, was slanderous.

"And at other times and places within the past year, but on what particular time and at what particular places this affiant does not know, but especially at said city of Chicago, said Fred J. Martin, in certain other discourses with Morris Robinson of Chicago, Walter Bolger, and other persons not known to this affiant, falsely and maliciously said of and concerning said affiant, she being at the time a young girl of about fourteen, and both said Martin and this affiant being unmarried, falsely accused this affiant.   *   *   *   This affiant further says that she is not guilty of any of such charges nor any similar charges and has been grievously injured by said false accusations.

[Signed]          "MADELINE CLEMENTS WANNER.
"Subscribed and sworn to," etc.

A motion was made to quash the proceedings, in support of which motion relator filed his own and other affidavits.   The reasons stated in the motion are:

"*First.* Because the affidavit of the above-named plaintiff for said writ of capias is not within the personal knowledge of said affiant, as appears from the face of said affidavit, and as appears likewise from the alleged facts stated therein.

" *Second.* Because the said affidavit of said above-named plaintiff does not establish such a case as warrants, under the law, an order holding defendant to bail.

" *Third.* Because this court possesses no jurisdiction to issue an order holding defendant to bail under the circumstances set forth in affidavit for said writ of capias made by the above-named plaintiff.

"*Fourth.* Because said order to hold to bail was based upon hearsay evidence as appears by the affidavit of the above-named plaintiff.

"*Fifth.* Because plaintiff's alleged right of action is based upon a conversation alleged to have been held between defendant and William H. Gallagher, attorney of record for the plaintiff in case entitled *Blanche Peck Wanner, Plaintiff,* v. *Madeline Clements, Defendant,* Circuit Court for Wayne County, file No. 53,646, which said right of action was then pending in said court, and the alleged defamatory statements were afterwards, on or about the 18th day of September, A. D. 1911, sworn to by said defendant, when called as a witness in said cause, which said cause has not as yet been tried in court on its merits, and which is pending in said court for trial.

"*Sixth.* Because defendant cannot properly be deprived of his liberty upon an affidavit for writ of capias, made up of hearsay statements and allegations."

The trial judge was of the opinion that the affidavit was defective, but regarded the affidavit of relator as an admission of the truth of the averments in the affidavit, and declined to quash the proceedings. He cited in support of his opinion the case of *Robinson* v. *Branch Circuit Judge,* 142 Mich. 70 (105 N. W. 25). A reference to that case will show it is clearly distinguishable from the case at bar. The opinion in that case closes by saying:

" But whether or not the affidavit is technically sufficient, the writ asked for is not one of right, and, as relator made it appear to the circuit court that the facts set out in the affidavit are true, contesting and disputing only the conclusion of affiant."

The affidavits of relator are too long to make it advisable to quote them, but a fair reading of them does not give rise to the inference that the facts set out in the affidavit for capias are true. The last-named affidavit

was too faulty to be the basis of a proceeding of the character of the one before us. See *Proctor* v. *Prout*, 17 Mich. 473; *Hackett* v. *Wayne Circuit Judge*, 36 Mich. 334; *Shaw* v. *Ashford*, 110 Mich. 534 (68 N. W. 281); *Wright* v. *Wayne Circuit Judge*, 119 Mich. 499 (78 N. W. 545); *Church* v. *Calhoun Circuit Judge*, 129 Mich. 126 (88 N. W. 403); *Robinson* v. *Branch Circuit Judge*, 142 Mich. 70 (105 N. W. 25); *Conrad* v. *Van Buren Circuit Judge*, 144 Mich. 492 (108 N. W. 347).

The writ is granted, with costs.

STEERE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.