SOULE *v.* OTTAWA CIRCUIT JUDGE.

1. ARREST—CAPIAS AD RESPONDENDUM—AFFIDAVIT.
   Before the writ of capias will be allowed and a party held to bail, the plaintiff must comply strictly with the requirements of the statute.

2. SAME—SUFFICIENCY.
   It was insufficient to present an affidavit of the plaintiff setting up in detail the mailing and receipt of certain libelous letters addressed to residents of the county in which plaintiff was a candidate for office, where the affidavit did not aver that plaintiff had ever seen the letters or that he was present and saw them received or mailed.

Mandamus by Charles E. Soule against Orien S. Cross, judge of the circuit court for the county of Ottawa to vacate an order refusing to quash a writ of capias. Submitted January 28, 1913. (Calendar No. 25,372.) Writ granted April 8, 1913.

*Corie C. Coburn,* for relator.

*Diekema, Kollen & Ten Cate (Walter I. Lillie,* of counsel), for respondent.

MOORE, J. This proceeding was commenced by writ of capias. The relator was held to bail in the sum of $10,000. He gave appearance bail and moved to quash the writ for various reasons. It was stipulated in the case as follows, omitting the formal part:

"That the motion to quash, set for hearing upon the 25th day of July, 1912, be heard on the 5th day of August, 1912, at 2 o'clock, or as soon thereafter as counsel can be heard, and that all proceedings be stayed in said matter until said motion has been disposed of."

The motion to quash was overruled, and this is a mandamus proceeding to review that action.

It will not be necessary to refer to all the reasons given by relator in his application to have the writ of capias quashed. The sixth reason assigned is:

"The affidavit does not aver in terms that the facts and circumstances enumerated in said affidavit are within the personal knowledge of affiant."

The seventh reason assigned is:

"And as to those facts which affiant swears to positively, said affidavit shows from its very nature that they are not necessarily in the affiant's personal knowledge, but are of such a nature that affiant does not of his own knowledge know the facts enumerated in said affidavit, but is dependent for his information in regard thereto upon the advice and information of others, and he has not attached to his affidavit the affidavits of those who have personal knowledge of the facts complained of."

The affidavit was a very long one. It charged, in substance, that one Kirby had a cause of action growing out of the writing and mailing, by the relator, of four certain letters, copies of which are set out in full in the affidavit.

The following is contained in the affidavit:

"And that each and every one of said letters were sent through the United States mail from Grand Haven, Mich., to each of said parties at the places directed, and each of said parties received said false, malicious, and slanderous and libelous letters through the United States mail at the several places above mentioned as aforesaid, each of which places is located in the county of Ottawa and State of Michigan for the purpose of injuring affiant in his good name, fame, and credit, and, among other things, the false, slanderous and malicious, defamatory, slanderous, and libelous matter of and concerning the affiant, and of and concerning his aforesaid office as probate judge, and of and concerning affiant's conduct in said office of probate judge, for the purpose of injuring the good name, fame, and credit of affiant and defeating the affiant at the primary election on the 27th day of August, 1912, aforesaid."

There is no statement in the affidavit that affiant ever saw the letters or had them in his possession, or that he saw the letters written or mailed, or that he was present and saw the recipients receive them. The originals were not attached; nor were any affidavits of the recipients of the letters attached. It is clear that the affiant failed to establish, except by hearsay, the mailing and receipt of these letters.

The writ of capias is an extraordinary one; and, before it will be allowed and a party held to bail, there must be a compliance with the well-settled rules of law.

Counsel for respondent says in his brief:

"There is but one question to be decided in this case, and that is, Should the motion to quash have been granted and the sureties on the bond discharged?"

The question involved is not new in this State. In *Sheridan* v. *Briggs*, 53 Mich. 569 (19 N. W. 189), the following language is used:

"An affidavit for a *capias ad respondendum,* or for any writ that will deprive one of his liberty, must set forth in detail the facts and circumstances on which it rests, and not merely inferences and conclusions from such facts; and the facts must be within deponent's personal knowledge."

See, also, *Stensrud* v. *Delamater,* 56 Mich. 144 (22 N. W. 272); *Pease* v. *Pendell,* 57 Mich. 315 (23 N. W. 827); *Shaw* v. *Ashford,* 110 Mich. 534 (68 N. W. 281); *Graham* v. *Cass Circuit Judge,* 108 Mich. 425 (66 N. W. 348); *Church* v. *Calhoun Circuit Judge,* 129 Mich. 126 (88 N. W. 403); *McCrea* v. *Muskegon Circuit Judge,* 100 Mich. 375 (58 N. W. 1118); *Robinson* v. *Branch Circuit Judge,* 142 Mich. 70 (105 N. W. 25); *Conrad* v. *Van Buren Circuit Judge,* 144 Mich. 492 (108 N. W. 347); *Gardiner* v. *Wayne Circuit Judge,* 155 Mich. 414 (119 N. W. 432); *Martin*

v. *Saginaw Circuit Judge*, 173 Mich. 22 (138 N. W. 273). We have not overlooked the case of *Robinson* v. *Branch Circuit Judge*, 142 Mich. 70 (105 N. W. 25). An examination of that case will show it is clearly distinguishable from the case at bar.

The brief of relator concludes as follows:

"The foregoing completes relator's argument for mandamus to compel the circuit judge to set aside the capias and discharge his bail for want of jurisdiction shown in the affidavit; but it is conceded the writ will stand as a summons, and relator asks the Supreme Court to so rule."

In view of this concession, we will not consider the question of whether the writ performs the office of a summons in this case.

The affidavit for the writ was fatally defective, and the order to hold to bail is set aside, with costs to relator.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.