KIRBY *v.* SOULE.

1. LIBEL AND SLANDER — JOINDER OF PARTIES — CONTRIBUTION — NOTICE TO JOINT WRONG DOERS.

Act No. 233, Pub. Acts 1911 (5 How. Stat. [2d Ed.] § 13140), provides that in an action for libel the defendant may recover contribution from all persons who were originally jointly liable with defendant and may, within 15 days after service of process upon him, notify such persons who are jointly responsible with defendant of the pendency of the suit, that judgment rendered therein shall be conclusive on one so notified in an action for contribution. Plaintiff's *capias ad respondendum* was quashed because his affidavit was in part based upon information; defendant conceding that the writ was good as commencement of the action, the proceeding was not dismissed. Twelve parties whom the defendant had notified to defend, pursuant to the statute, moved to dismiss the case as to them because notice was given too late. *Held*, that the action was commenced when the capias issued and hence in an action for libel, notice served more than 15 days after defendant was taken into custody, was too late.

2. SAME—MOTIONS—APPEAL AND ERROR.

The service of notice on joint tort feasors to appear and defend a libel suit must be made within 15 days after the writ is served; statutes in derogation of the common law being strictly construed: and the motions of defendants who were served too late were properly heard together and granted.

3. SAME—DISMISSAL AND NONSUIT.

And it was proper practice to raise the point by motion.

Error to Ottawa; Cross, J. Submitted November 13, 1913. (Docket No. 95.) Decided January 5, 1914.

Case by Edward P. Kirby against Charles E. Soule and others for libel. From an order dismissing the cause as to several defendants, joined under a notice pursuant to Act No. 233, Pub. Acts 1911, defendant Soule brings error. Affirmed.

*Coburn & Misner,* for appellant.

*Diekema, Kollen & Ten Cate (Walter I. Lillie,* of counsel), for appellees.

STONE, J. On July 13, 1912, appellant, Soule, was arrested on a *capias ad respondendum* issued out of the Ottawa circuit court on the same day; the affidavit attached thereto charging him, at the suit of plaintiff, with having written, uttered, and published certain claimed libelous letters of and concerning the plaintiff. An order to hold to bail was made by the circuit judge before arrest. Defendant Soule, after giving appearance bail, moved the court to dismiss the capias, and discharge his bail for want of jurisdiction, and his motion was denied August 16, 1912, by the circuit judge; there having been a stipulation made by the attorneys of the respective parties that "all further proceedings be stayed in said matter until said motion has been disposed of."

Mandamus proceedings were had in this court upon the petition of defendant as relator. In his petition, said relator stated that he had been—

"Arrested by the sheriff of Ottawa county on a *capias ad respondendum* writ issued out of the circuit court for said county at the suit of Edward P. Kirby, plaintiff, and held to bail," etc.

He prayed for the writ of mandamus, commanding the circuit judge—

"To set aside said order denying said motion, and commanding him to dismiss said *capias ad respondendum* writ, and discharge the appearance bail of your petitioner thereunder, and release his sureties thereon."

This court, on April 8, 1913, held that the affidavit for the writ was fatally defective, and the order to hold to bail was set aside, and the writ of mandamus was issued. In his brief in that proceeding, the relator concluded as follows:

"The foregoing completes relator's argument for mandamus to compel the circuit judge to set aside the capias, and discharge his bail for want of jurisdiction shown in the affidavit; but it is conceded the writ will stand as a summons, and relator asks the Supreme Court to so rule."

Upon this last-named subject, this court said:

"In view of this concession, we will not consider the question of whether the writ performs the office of a summons in this case." *Soule* v. *Ottawa Circuit Judge,* 175 Mich. 127 (140 N. W. 990).

The writ of mandamus was served on the circuit judge, and on April 21, 1913, he made an order in the cause as follows:

"In obedience to the writ of mandamus hereto attached, it is ordered that the order denying the motion to dismiss the *capias ad respondendum,* heretofore and on the 16th day of August, 1912, entered in the above-entitled cause, be vacated and set aside, and that said *capias ad respondendum* issued in the above-entitled cause be dismissed, and that the said appearance bail of the said relator thereunder be discharged, and that the sureties thereon be released.

"It is further ordered and adjudged that said writ of *capias ad respondendum* stand as a writ of summons as of this date, and that defendant have fifteen days hereafter to appear in said cause."

So far as the record shows, the plaintiff had no notice of this order. On April 26, 1913, defendant Soule appeared generally by Coburn & Misner, his attorneys. On April 28, 1913, plaintiff's declaration was filed. On May 1, 1913, a notice was made and served upon the various parties named therein, as follows, after the title of the court and cause:

"To Millard Durham, Joseph O'Brien, Edward P. Kirby, Walter I. Lillie, Holland Sentinel Publishing Company, Cornelius Van Loo, Fred McEachron, Isaac Marsilje, Zeeland Record Company, Benjamin Mulder, John Mulder, C. D. Vos, William Van Koever-

ing, and Ed. Van Koevering, all of Ottawa county, Michigan.

"You will please take notice that on the 13th day of July, 1912, a *capias ad respondendum* was issued, by virtue of which the defendant in the above-entitled cause was arrested, and held to bail in the sum of ten thousand dollars ($10,000), and on the 8th day of April, 1913, a mandamus was granted by the Supreme Court, compelling the Honorable O. S. Cross, circuit judge, in and for said county of Ottawa, to set aside the writ of *capias ad respondendum,* and discharge the bail, which order was granted by the said circuit court on the 21st day of April, 1913.

"You will further take notice that all proceedings in said cause were stayed by stipulation, and that the order setting aside the *capias ad respondendum* and discharging the bail also ordered that the said writ of *capias ad respondendum* stand as a summons as of April 21, 1913.

"You will further take notice that it is claimed that the alleged letters upon which said capias were based were published by each of you, and that therefore this notice is served upon you under the provisions of Act No. 233 of the Public Acts of the State of Michigan of 1911.

"You will further take notice that the name of the plaintiff in said case is Edward P. Kirby, and that the name of the defendant is Charles E. Soule, and that said suit is pending in the circuit court for the county of Ottawa and State of Michigan, and that a copy of the declaration filed in said cause is hereto attached and marked 'Exhibit A.'

"You will further take notice that, under the provisions of said Act No. 233 of the Public Acts of 1911, you have the right to appear in said cause, and intervene in said cause, and defend the same.

"Respectfully yours,
"COBURN & MISNER,
"Attorneys for Defendant."

It is the claim of defendant Soule that copies of said notice, with copy of plaintiff's declaration thereto attached, were served on each of said persons named in said notice personally or by registered letter on or before May 6, 1913, save that the same were not

served upon Cornelius Van Loo until May 16, 1913, and that no notice and declaration were served on either William Van Koevering or Edward Van Koevering.

On May 16, 1913, 12 separate motions were entered in said cause entitled *Edward P. Kirby,* Plaintiff, v. *Charles E. Soule, et al.,* Defendants, being one by each of the persons upon whom said notice was served. The notices of said motions and the motions in each of said 12 matters were practically alike, save as to the names, except as to Cornelius Van Loo, whose notice and declaration were not served until more than 15 days after the circuit court's order of April 21, 1913. There was a notice that said motions would be brought on to be heard on the 9th day of June, 1913. A sample copy of said notice is in part, as follows:

"STATE OF MICHIGAN,
"The Circuit Court for the County of Ottawa.
"EDWARD P. KIRBY,
             "Plaintiff,

          *v.*
"CHARLES E. SOULE, *et al.,*
             "Defendants.

"Now comes Millard Durham, by Diekema, Kollen & Ten Cate, his attorneys, appearing specially for this motion, and Walter I. Lillie, of counsel, and moves the court now here for an order dismissing said cause as against him, the said Durham, for the following reasons:

"(1) That said cause was commenced by *capias ad respondendum* on the 12th day of July, 1912, and the notice and copy of the declaration served on the defendant by registered letter was received by him on or about the 6th day of May, 1913, and more than fifteen days after the commencement of said suit.

"(2) That the order made by the circuit court of Ottawa county April 21, 1913, was *ex parte,* without notice to the attorneys for the plaintiff in said cause, and not binding and of any force upon this defendant.
*      *      *

"(7) This motion is based upon the files and records in said cause upon the notice and declaration hereto attached and the affidavit of Millard Durham, hereto attached, and the affidavits of all the others who were served with like notice and declaration.

"Dated this 16th day of May, A. D. 1913.  [Signed by Attorneys."]

To which motion was attached a lengthy affidavit of Millard Durham in support thereof.

The written order of the court granting the motion of said Millard Durham, a copy of which had been served on counsel for defendant Soule, with 11 other proposed identical orders, with exception as to the name of the mover thereof, were on the 9th day of June signed by the court and filed on that day.  In each of said orders, as in the order on motion of said Millard Durham, a $5 attorney fee was allowed to the mover of the motion, making $60 attorney fees allowed on said 12 motions heard and decided.  The order made in the case on motion of Millard Durham was as follows:

"[Title of Court and Cause.]

"At a session of said court held at the courthouse in the city of Grand Haven on the 9th day of June, 1913.

"Present:   Honorable Orien S. Cross, Circuit Judge.

"On reading and filing the notice given by Charles E. Soule, defendant herein, to Millard Durham, under Act 233 of the Public Acts of 1911, requiring him to appear and defend the said suit, and contribute to any judgment which might be obtained against the said defendant Soule, and on reading and filing the motion of said defendant Durham, and the affidavit attached thereto, requesting this court to dismiss the said cause as against him, the said Durham, and, after hearing the arguments of George Kollen and Walter I. Lillie, appearing specially as counsel for the said Durham, and of Corie C. Coburn, attorney for the defendant Charles E. Soule, and it appearing to this court that the notice given by the

said defendant Charles E. Soule to the said Millard Durham under and pursuant to Act 233 of the Public Acts of 1911 was not given within fifteen days from the date that process issued in said cause, and that the said Durham was therefore improperly brought into court in this action:

"It is therefore ordered, adjudged, and decreed, and this court, by virtue of the authority therein vested, doth order, adjudge, and decree that the said proceedings be dismissed as to the said defendant Durham, and that he recover of and from the said defendant Charles E. Soule $5 attorney fee, and that execution issue therefor.

"ORIEN S. CROSS,
"Circuit Judge."

The defendant Soule excepted to the order of the circuit judge, and has brought the case here on writ of error, and has assigned error upon the entry of the order of the circuit judge; and he contends as follows in this court:

(1) That this suit was not commenced by the issuing of the capias July 13, 1912, for the reason that the affidavit on which the order to hold to bail was based was on hearsay, and not "on probable cause, supported by oath or affirmation," as required by the Constitution protecting personal liberty, and gave no jurisdiction.

(2) Appellant contends that the court erred in entertaining jurisdiction to hear the 12 motions, there being nothing in Act No. 233 of 1911 (5 How. Stat. [2d Ed.] § 13140), that makes the persons notified defendants, unless they elect to appear, interplead, and defend; and that they cannot thrust themselves into the case and become defendants except by conforming with the terms of the act.

The remaining objections and assignments of error relate to the practice of permitting such matters to be disposed of upon motion.

No question has been raised by counsel whether or not this case is properly here on writ of error, yet

we have some doubt as to the correctness of the practice. But, the order made by the circuit judge having dismissed the proceedings, and it being a final determination of the right to bring the parties into the case under the statute, and there being a final judgment for costs against appellant in each case, we have concluded to dispose of the questions raised upon their merits, treating them as properly reviewable by writ of error. *Jewell* v. *Lamoreaux*, 30 Mich. 155; *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490 (81 N. W. 355); *Recor* v. *St. Clair Circuit Judge*, 139 Mich. 156 (102 N. W. 643); *City of Flint* v. *Genesee Circuit Judge*, 146 Mich. 439 (109 N. W. 769).

The statute involved (Act No. 233, Pub. Acts 1911; 5 How. Stat. [2d Ed.] § 13140) is before us for the first time. Its validity is not discussed.

By the first section of the statute it is provided that:

"Whenever a judgment shall be recovered against one or more defendants for damages arising out of the authorship or the publication of a libel, such defendant or defendants, as the case may be, shall be entitled to recover contribution, in an action on the case, from all persons who were originally jointly liable for such libel with such defendant or defendants, to the same extent as and with the like effect that joint sureties are liable to contribute to each other in cases where they are sureties on the same contract."

Section 2 reads as follows:

"Any defendant or defendants against whom any suit shall be begun for the purpose of recovering damages arising from the publication of any libel, and on whom a declaration or other process in such suit shall have been served, may, at any time within fifteen days after such service, serve on any other person liable to contribute to such defendant under the provisions of this act, a notice of the pendency of such suit; which notice shall state the name of the plaintiff or plaintiffs therein, the name of the court

in which the same is pending, and shall be accompanied by a true copy of the declaration filed in said suit, if such declaration shall have been filed prior to the service of such notice. And such person on whom such notice shall have been so served shall have the right to appear within fifteen days from the time of the service on him of such notice, and intervene in such suit and defend the same. Such person, if he so appears, shall have the same rights and liabilities in respect to pleadings and process as if he were an original party defendant in such suit, and such suit shall not be considered at issue until the same is at issue as to such intervening party. And in case he shall fail after such notice to so appear in and defend such suit the final judgment rendered therein shall be conclusive against him in any action for contribution under the provisions of this act."

In our opinion the question whether the parties here named are "originally jointly liable" is not before us, and cannot be determined, depending upon what the evidence may disclose at the trial.

1. Coming to the first proposition of the appellant, the question is raised: When was this suit begun? it being the contention of appellant that it was not begun by the issuing of the capias on July 13, 1912. We are not able to agree with appellant in this contention. Section 9989, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12652), provides that all original writs in personal actions shall be a summons or a *capias ad respondendum* according to such form as shall be fixed by the general rule of court. The form of the writ has been fixed by Circuit Court Rule 1. The rule provides, among other things, that original writs for the commencement of suit shall notify the defendant to appear in person, or by attorney, within 15 days after service upon him of the writ, to answer to the suit of the plaintiff according to the rules and practice of the court, with such additional command as shall be appropriate to the action of replevin and to actions commenced by attachment or a *capias ad*

*respondendum.* Subdivision *(c)* of the rule prescribes the form of the notice of summons. By subdivision *(f)* it is provided that, in actions commenced by *capias ad respondendum,* there shall be added to the foregoing form a clause substantially as follows:

*"To the Sheriff of Said County:*
"You are hereby commanded to take said defendant, if he may be found in your bailiwick, and keep him in your custody until he shall be discharged according to law."

In *H. J. Cheney & Co.* v. *Allgeo,* 165 Mich. 384 (130 N. W. 593), we held that an action begun by capias should not be dismissed for insufficiency of the affidavit, but that plaintiff should be allowed to proceed on the summons clause of the writ.

There is nothing in *Soule* v. *Ottawa Circuit Judge, supra,* that would indicate any change in this practice; but, in view of the concession there made by the relator, who conceded that the writ should stand as a summons, the question was not passed upon, but he was taken at his word. We must hold, therefore, that the capias stands as a summons, and that this suit was begun on July 13, 1912, notwithstanding the order of the circuit judge of April 21, 1913. There was nothing in the stipulation of counsel referred to by appellant that would be binding upon these several parties. The question as to their liability had not been raised, and they were all strangers to the record, except possibly Edward P. Kirby, whose counsel did not represent him upon this question at that time by anything shown in this record.

2. Appellant contends that the court erred in entertaining jurisdiction to hear the 12 motions. If the circuit judge could hear one motion, we see no reason why he might not hear 12. There might be some doubt whether appellant can join all these parties in one writ of error. We have concluded, however, to

treat the writ of error as properly here to review the action of the circuit judge as to all the parties.

It is the claim of each of these parties that he has been improperly and irregularly brought into this case because service was not had on him within 15 days after service of process, as provided by section 2 of the act. This statute being in derogation of the common law should, in our opinion, receive a strict construction, and it should be held that appellant could not defer the bringing in of the parties beyond the statutory period of 15 days.

3. It is the contention of appellant that these matters could not be disposed of upon motion. The questions so far discussed arise upon the conceded facts in the case and of record relating to the time when the suit was begun, when service was had upon the several parties, and the manner in which the question was disposed of by the circuit judge. If these parties were irregularly and improperly brought before the court, we think they had the right to have the proceeding against them dismissed. We do not find it necessary to discuss any other questions raised in the case.

We find no error in the action of the circuit judge as to the order of June 9, 1913, dismissing the proceeding as to each of the parties named; and the order and judgment will stand affirmed.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.