THE TOWNSHIP OF FRUITPORT v. ALBERT DICKERMAN, CIRCUIT JUDGE OF MUSKEGON COUNTY.

*Justices of the peace—Civil warrant—Sufficiency of affidavit—Docket entry—Body execution—Habeas corpus proceedings—Mandamus.*

1. A writ of *mandamus* will not be granted to vacate an order made in *habeas corpus* proceedings where, from the whole record, it is apparent that such defects exist in the proceedings under which the defendants were held in custody as would, upon a new writ, justify their discharge.

2. A justice's judgment is not open to *collateral* attack upon the ground of failure to make proof of the authority of plaintiff's attorney to appear, as required by How. Stat. § 6870, where the defendant does not appear; citing *Mayhew v. Snell*, 33 Mich. 182; *Reed v. Gage*, Id. 180.

3. In the absence of a return by a justice of the peace to a writ of *certiorari* whether the authority of the plaintiff's attorney to appear was shown, the circuit judge is not justified in assuming that such showing was not made, such fact not being required to be entered on the justice's docket.

4. How. Stat. § 7053, subdivision 3, which requires a justice of the peace to enter upon his docket the time when the parties to a suit appeared before him, is sufficiently complied with, where the process is returnable *forthwith*, by stating the *day* on which the parties appeared.

5. How. Stat. § 6952, authorizing the issuance of body executions in certain cases upon judgments rendered by justices of the peace, does not require that the execution shall recite that the suit was commenced by warrant, or that the judgment was rendered in an action of tort, and the omission of such recitals will not render the execution insufficient.

6. An affidavit for a civil warrant in behalf of a township for trespass upon land, in which the affiant states that he is the agent of the township, and makes the affidavit in its behalf, and that the township has been the owner in fee of the land on which the trespass is claimed to have been committed for more than 10 years last past, sufficiently shows the authority of the affiant to make the affidavit in behalf of the township, and its ownership of the real estate trespassed upon.

*Mandamus.* Argued January 5 and 6, 1892. Granted January 22, 1892.

Relator applied for *mandamus* to compel respondent to vacate an order made in *habeas corpus* proceedings discharging the defendants from custody under a body execution issued on a judgment recovered by relator. The facts are stated in the opinion.

*De Long & O'Hara* (*F. W. Cook*, of counsel), for relator.

*W. J. Turner* and *S. H. Clink*, for respondent.

MONTGOMERY, J.   William H. Stevenson, supervisor of the relator, caused the arrest of Samuel L. Torrence and Edward Torrence on the 7th of May, 1891, on a civil warrant issued by Levi Beardsley, Esq., justice of the peace. The defendants were arrested and taken before the justice, and by their attorneys, appearing specially for that purpose, moved to dismiss the proceedings, on the ground that the affidavits upon which the warrant issued were insufficient to confer jurisdiction. The motion was overruled. The plaintiff declared, by its attorneys, De Long & O'Hara; and, the defendants refusing to plead,

the justice, after hearing the testimony offered by the plaintiff, awarded a judgment against the defendants for $16.37 and costs. On the 25th of May the justice issued a body execution, upon which the defendants were arrested. On the 13th of June the defendants in the execution sued out a writ of *habeas corpus*, accompanied by a common-law *certiorari*, from the Muskegon circuit court, upon the return of which the defendants were discharged by the circuit judge, on the grounds, as would appear, that the affidavits upon which the warrant issued were insufficient to confer jurisdiction, and that the justice's judgment was void, not only for this reason, but also because the docket failed to show that plaintiff's attorneys proved their authority to appear.

The relator alleges a failure to give notice of the *habeas corpus* proceedings, and also claims that the *habeas corpus* was not properly issued, for the reason that the allowance of the writ was not duly indorsed. For the purposes of this case, however, we shall treat these proceedings as regular; for, as *mandamus* is not a writ of right, and as we have the whole record before us, we should not feel warranted in issuing the writ prayed for if there are apparent such defects in the proceedings as would, upon a new writ, justify a discharge of the defendants in the execution.

But we are all agreed that no such defects exist. It is true that the docket failed to show that authority of plaintiff's attorneys to appear was proven. But in *Mayhew v. Snell*, 33 Mich. 182, it was held that the validity of the justice's judgment could not be assailed collaterally on this ground. See, also, *Reed v. Gage*, Id. 180. In the present case no return of the justice upon the question as to whether in fact the authority to appear was proven or not was either made or required in answer to the writ of *certiorari*. And, as the statute (section

7053) does not require that the docket entry shall show the fact of such proof, the circuit judge was not justified in assuming that the statute was not complied with.

The failure to note on the docket the *hour* of appearance is not, we think, fatal. The parties were both before the court. The requirement is that the justice shall enter upon the docket the *time* when the parties appeared before him. It was held in *Redman v. White*, 25 Mich. 523, and in *Mudge v. Yaples*, 58 Id. 307, that the hour of adjournment must be entered, in order that the docket may show that the appearance was within the time authorized by statute for the appearance of parties. These cases were, however, cases in which the parties were required to appear upon return of process made returnable at a particular hour. In the present case the process was returnable forthwith, and we think the statute was sufficiently complied with by stating the day on which the parties appeared.

The execution is claimed to have been insufficient, for the reason that it contained no recital that the suit before the justice was commenced by warrant, or that the judgment was rendered in an action of tort. The statute (How. Stat. § 6952) does not require such recital, and the form adopted here is the one which has been in use in this State for many years. Tif. Justice's Guide, 498.

It is also objected that the affidavits were insufficient, for the reason, first, that it does not appear that Stevenson, who made the principal affidavit, had authority to do so in behalf of the township; and that the ownership of the real estate upon which the trespass was committed does not sufficiently appear. The affidavit does state, however, that Stevenson "is the agent of said township, and makes this affidavit in behalf of said township." We think this is sufficient. The affidavit also positively states that the township has been the

owner in fee of the land in question for more than 10 years last past. This averment is certainly sufficient, unless it is incumbent upon the owner of land to attach to his affidavit title deeds. No decision of this Court has ever gone to that length, and we think it is not required.

The learned circuit judge erred in discharging defendants in the execution, and the writ prayed for should issue.

MORSE, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.