## NAPOLEON PAULUS v. LOUIS J. GROBBEN.

*Capias—Affidavit to hold to bail—Malicious prosecution—False imprisonment—Arrest under fraudulent debtor's act— Jurisdiction.*

1. An affidavit to hold to bail in a suit for the malicious prosecution of the affiant under the fraudulent debtor's act, after averring as upon the personal knowledge of the affiant the

making of the affidavit upon which the warrant of arrest issued, set forth the affidavit in full, coupled with an averment of the service upon the affiant of a certified copy of the affidavit as set forth, by the officer who made the arrest. And it is held that an objection that the affidavit to hold to bail was not made upon the personal knowledge of the affiant is without force.

2. An affidavit for the arrest of a debtor under the fraudulent debtor's act, after averring that the debtor was indebted to the affiant in a stated sum, and that suit had been commenced before a justice of the peace, naming him, for the recovery of said debt, averred that, as the affiant had good reason to believe and did believe, the debtor was about to remove his property out of the county where the affidavit was made, with intent to defraud his creditors; that the facts and circumstances constituting the grounds of such belief were that the debtor had lately received $608 as a pension from the United States; that he refused to pay the affiant any part of his claim; that he had sold some of his property, and openly declared that he was about to remove from this State to Canada. And it is held that the affidavit did not bring the debtor within the fraudulent debtor's act, which provides (How. Stat. § 8753, subd. 2) that the affiant must establish that the debtor has property or rights in action which he fraudulently conceals, or that he has rights in action or some interest in any public or corporate stock, money, or evidence of debt which he unjustly refuses to apply to the payment of any judgment or decree which shall have been rendered against him, belonging to the complainant.

3. The fact that the affidavit to hold to bail fails to negative the averment in the affidavit for arrest that suit had been commenced before the justice of the peace for the recovery of the alleged debt is immaterial, where said affidavit states sufficient other facts to warrant the issuance of the *capias*.

4. The right of the plaintiff to maintain his suit in no sense depends upon the question of his alleged indebtedness to the defendant, and an objection that the affidavit to hold to bail fails to negative said alleged indebtedness has no force.

5. An averment in an affidavit for the arrest of a debtor under the fraudulent debtor's act that the debtor has sold some of his property, and openly declares that he is about to remove from this State to Canada, has no tendency to show a fraudulent disposition by the debtor of his property, or that there is any intention on his part to remove property subject to seizure.

6. How. Stat. § 7305, which provides that the order to hold to
   bail in a suit commenced by *capias* shall be made only upon
   the affidavit of the plaintiff, or some one in his behalf, show-
   ing the nature of the plaintiff's claim, has never been construed
   as requiring the plaintiff to attach documentary evidence of
   facts within his own knowledge.

7. An affidavit to hold to bail which sufficiently shows the con-
   nection of the defendant with the arrest and imprisonment of
   the plaintiff, and the issuance of the warrant for said arrest
   upon an affidavit which gave the justice no jurisdiction, states
   a case of false imprisonment; citing *Stensrud v. Delamater*,
   56 Mich. 144; *Wachsmuth v. Bank*, 96 Id. 426.

Error to Leelanaw. (Ramsdell, J.) Submitted on briefs
January 9, 1895. Decided February 12, 1895.

Case. Plaintiff brings error from order quashing *capias*
proceedings. Reversed, and record remanded for further
proceedings. The facts are stated in the opinion.

· *Tweddle & Cross,* for appellant.

*Alex. McKercher (Pratt & Davis,* of counsel), for de-
fendant.

MONTGOMERY, J. The plaintiff brought an action for
malicious prosecution in the circuit court for the county
of Leelanaw. Suit was commenced by *capias,* to which
was attached an affidavit to hold to bail. On motion of
defendant, the case was dismissed. The plaintiff has sued
out a writ of error to review this order and judgment.

The affidavit stated the following facts:

"That Louis J. Grobben, contriving and maliciously
intending to injure the deponent, * * * on the 18th
day of April, 1891, at the village of Leland, in said county
of Leelanaw, * * * appeared before one William
C. Nelson, then and there being a justice of the peace,
* * * and falsely and maliciously, and without any
probable cause whatsoever, made, subscribed, and swore to
the following affidavit, for the purpose of procuring a war-
rant from the said justice for the arrest and imprisonment
of deponent."

Then follows an affidavit purporting to have been made under the fraudulent debtor's act, which, after stating that defendant in that proceeding (the plaintiff in this) was indebted to affiant, and that suit had been commenced for the recovery of the demand before William C. Nelson, justice of the peace, proceeds:

" And this deponent further says that he has good reason to believe, and does verily believe, that the said Napoleon Paulus is about to remove his property out of said county of Leelanaw, with intent to defraud his creditors. And this deponent further says that the facts and circumstances constituting the grounds of his belief are that the said Napoleon Paulus has lately received a large sum of money as a pension from the United States,—$608; that he refuses to pay this deponent any part of his claim; that he has sold some of his property, and openly declares that he is about to remove from this State to Canada; and further this deponent says not."

This affidavit purported to have been duly sworn to.

The affidavit of plaintiff attached to the *capias* further proceeds to state that on the 20th of April he was arrested by an under-sheriff of the county upon a warrant issued by William C. Nelson, the justice of the peace, and that, while under arrest and in custody, the under-sheriff delivered to him a copy of the affidavit above set out, together with a certificate under the hand of the justice that it was a true copy. The affidavit further proceeds to state that, upon said affidavit, the defendant, Grobben, without any reasonable or probable cause whatsoever, caused the justice to make, grant, and issue his warrant under his hand and seal for the apprehending and taking of deponent, and for bringing him before the said justice to answer the complaint, etc., and that, under and by virtue of said warrant, defendant wrongfully, without any reasonable or probable cause, caused deponent to be arrested by his body, and to be imprisoned and conveyed and brought before the justice; that, at the time of his first appearance before the justice,

he moved to quash the warrant, on the ground of the insufficiency of the affidavit upon which it was issued, which motion the justice overruled, and, against the protest and consent of deponent, adjourned the case for the space of 14 days, requiring deponent to give a bond for his appearance, at the instigation of said Louis J. Grobben; that, on the adjourned day, the cause was again adjourned, on motion of said Louis J. Grobben, and against the consent and protest of deponent, who demanded a trial; that said Louis J. Grobben has not prosecuted his said complaint further, but has wholly deserted and abandoned the same; and that said complaint is thereby ended and determined. The affiant further states that, at the time of his arrest and imprisonment, no judgment had been obtained against him by Louis J. Grobben for the debt alleged by such affidavit to be due, and that the deponent had not, at the time said affidavit was made, any goods, chattels, or other property whatsoever, except what was exempt from execution under and by virtue of the laws of this State.

We have not been favored with any brief on behalf of the appellee, and are compelled to resort to the record, for the grounds stated in the motion to dismiss, for the reasons relied upon. These reasons were stated in the motion as follows:

"Because the affidavit attached to the writ of *capias,* and upon which the order to hold to bail in said cause was made, is insufficient and defective in this:

"1. Because said affidavit is not made upon the personal knowledge of the affiant of such a character as to make it evidence admissible on the trial of a cause in court.

"2. Because there was no duly authenticated copy of the proceedings had before the justice of the peace before whom said original cause was commenced attached to the affidavit to hold to bail in this cause.

"3. Because the affidavit to hold to bail does not neg-

ative the fact that a suit had been commenced before the warrant to arrest said plaintiff was issued by said W. C. Nelson.

" 4. Because said affidavit does not deny that said plaintiff was indebted to said defendant.

" 5. Because said affidavit does not deny the fact that said plaintiff had received a large amount of pension money that he refused to apply in payment of his debts, and that he was about to remove his property and go to Canada.

" 6. That it does not state that defendant knew that his property was exempt."

We think the objection that the affidavit was not made upon the personal knowledge of the plaintiff untenable. It purports to be upon his personal knowledge, and states facts which, if true, constitute a cause of action, each of which facts is within his knowledge. He knew of his arrest. He knew of the appearance of the defendant before the justice on his own behalf, of his request for an adjournment, and of the fact of the abandonment of the cause. The act of the defendant in making the affidavit is sworn to, and this is based upon a certified copy of the affidavit, which the law under which the proceedings before the justice were taken contemplates and provides for. Section 8754, How. Stat., provides that—

" The warrant shall be accompanied by a copy of all affidavits presented to such officer [the justice] upon which the warrant issued, which shall be certified by such officer, and shall be delivered to the defendant at the time of serving the warrant by the officer serving the same."

This was done in this case, and knowledge of the fact of service, of course, rested with the affiant, and the fact is asserted positively in the affidavit.

As to the claim that the affidavit is insufficient because it does not deny the fact that the plaintiff had received the pension money, and that he had refused to apply it to the payment of defendant's debt, and that he was about to remove his property and go to Canada, it was necessary

to set out in the affidavit before the justice, in order to bring the case within subdivision 2 of the statute (section 8753, How. Stat.), that—

"The defendant has property or rights in action which he fraudulently conceals, or that he has rights in action or some interest in any public or corporate stock, money, or evidence of debt which he unjustly refuses to apply to the payment of any judgment or decree *which shall have been rendered against him,* belonging to the complainant."

It is apparent that the affidavit made by defendant before the justice did not bring the plaintiff within the terms of this statute.   There was no statement that the claim which defendant held against the plaintiff was in decree or judgment, and the plain inference is that it was not, as he states that suit had been commenced on the demand.   Furthermore, the affidavit of the plaintiff made in this proceeding states that no judgment had been recovered against him on said claim.   It is true the affidavit of plaintiff does not state that he is not about to remove his property and go to Canada, but the affidavit of defendant in the proceedings before the justice did not state that plaintiff was about to remove his property and go to Canada, the statement being that "he [referring to the plaintiff here] has sold some of his property, and openly declares that he is about to remove from this State to Canada."   This statement has no tendency to show a, fraudulent disposition of property, or that there was any intent to remove property subject to seizure.   The affidavit of plaintiff does state, however, that he had no property subject to levy and sale on execution.

As to the point that there was no duly authenticated copy of the proceedings had before the justice of the peace attached to the affidavit to hold to bail, the statute does not contemplate that it shall be necessary for a party suing out a *capias* to attach to the writ authenticated copies of

his title papers or of judicial proceedings. The statute (How. Stat. § 7305) provides that—

"The order [to hold to bail] shall be made only upon the affidavit of the plaintiff, or some person in his behalf, showing the nature of the plaintiff's claim; and such affidavit shall be annexed to and returned and filed with the writ."

This statute has never been given a construction which requires the plaintiff to go further and attach documentary evidence of facts within his own knowledge. In *Badger v. Reade*, 39 Mich. 774, the subject was adverted to, the question being whether it was necessary to identify a judgment when the fact of the existence of a judgment was necessary to be set out in the affidavit. The Court said:

"As every judgment is of record, and can be precisely identified, the date is a necessary part of its description; and, while the affidavit may stand in lieu of an exemplified copy, it should give the same information as to its identity."

See, also, *Township of Fruitport v. Circuit Judge*, 90 Mich. 20.

The fact that the affidavit failed to show that a suit had not been commenced before the justice of the peace is immaterial, as the affidavit stated sufficient facts without that.

As to the fact that the affidavit failed to deny that plaintiff was indebted to defendant, the plaintiff's right to maintain the suit in no sense depended upon the question of whether he was indebted to defendant.

We also think the affidavit in the present case states a case of false imprisonment. It sufficiently shows the connection of defendant with the arrest and imprisonment of plaintiff, and shows that that arrest was based on an affidavit which gave no jurisdiction to the justice. *Stensrud v. Delamater*, 56 Mich. 144; *Wachsmuth v. Bank*, 96 Id. 426.

104 MICH.—4.

The judgment of the court below will be reversed, with costs, and the case remanded for further proceedings.

The other Justices concurred.