NAPOLEON PAULUS v. ROSCOE L. CORBETT, CIRCUIT JUDGE OF LEELANAW COUNTY.

[See 104 Mich. 42.]

CAPIAS—SPECIAL BAIL—FAILURE OF SHERIFF TO PUT IN AND PERFECT—AMENDMENT OF HIS RETURN SO AS TO SHOW THAT IN FACT BAIL TO THE SHERIFF WAS NOT GIVEN.

Relator applied for *mandamus* to compel the respondent to vacate an order allowing the sheriff, who had been ruled to put in and perfect special bail in a *capias* suit, to amend his return by showing that as a matter of fact bail was not taken by him, it being claimed by the relator that such fact was shown by the sheriff's original return. An order to show cause was granted, and on the hearing had October 27, 1896, on petition and answer the application was denied.

*Tweddle & Cross*, for relator, contended:

1. That the statutes under which the proceedings against the sheriff were taken are:

*a*—How. Stat. § 7326, which provides that if special bail is not put in and perfected within the time limited therefor, upon filing an affidavit of such fact, and of the return of the writ served, a rule may be entered, in vacation or term, requiring the officer who made the arrest to put in and perfect special bail within 20 days after notice of such rule.

*b*—How. Stat. § 7327, which provides that if special bail is not put in and perfected within the time specified in such rule, upon filing an affidavit of the service of notice thereof, a rule may be entered that an attachment issue against said officer, and such attachment may be issued accordingly.

*c*—How. Stat. § 7328, which provides that upon said officer being brought into court on such attachment, the court may by summary proceedings ascertain the amount due the plaintiff, in the same manner as if interlocutory judgment had been entered against the defendant, and may render judgment against such officer for said amount, with the costs of suit and proceedings.

2. That the return showed that bail had been taken by the sheriff; that such was the construction placed on it by the respondent in his finding, although he sought to avoid it by giving it a different popular construction regardless of the fact that How. Stat. § 7310, provides that if a defendant be committed for want of bail, the officer making the arrest shall specially return that fact; that respondent also sought to avoid the consequences of a legal construction of the return by allowing the sheriff to show that, as a matter of fact, his return was not true, and to have the benefit of that showing by amending his return.

3. That the following propositions of law are submitted:

*a*—That the return of a sheriff to a writ is his official answer under oath respecting the duty enjoined upon him by the writ, and is intended to inform the court what has been done in the premises; citing *Browning v. Hanford*, 7 Hill, 120.

*b*—That the only construction that can be put on the return in this case is the legal construction, which is that the defendant had been let to bail by the sheriff.

*c*—That relator was justified in relying upon said return as made, that being the only source from which he could obtain knowledge of what had been done by the sheriff; that having relied in good faith upon such return his rights could not afterwards be prejudiced by a showing on the part of the officer that his return was not in accordance with the facts.

*d*—That the return of a sheriff is conclusive upon him; that in any controversy between him and the parties to the suit he is estopped from denying the truth of his return as to all matters material to be returned; citing *Facey v. Fuller*, 13 Mich. 527; *Green v. Kindy*, 43 Id. 279.

4. That, as claimed by the respondent in his return, when a defendant arrested on a *capias ad respondendum* is in custody for want of bail to sheriff, the judgment of a court of competent jurisdiction quashing the writ and discharging the defendant is a complete bar to an action for an escape if such judgment is reversed by the appellate court; but that

is not the question involved in this case; that the question here is whether or not, where the defendant has been let to bail by the sheriff, and judgment is entered in the circuit court quashing the writ and discharging the bail bond, and the cause is remanded to the lower court for further proceedings, can proceedings be had against the officer making the arrest if the defendant fail to put in and perfect special bail; that of this there can be no question; that the filing of the remittitur restores to the circuit court its jurisdiction of the case, and places it in the same condition, subject to the same proceedings, as before the erroneous judgment was rendered; citing *Wright v. King*, 65 N. W. Rep. 556; *Reynolds v. Circuit Judge*, 67 Id. 529.

5. That relator does not ask that the sheriff be required at his peril to judge of the validity of the judgment of the trial court, or whether an appellate court will reverse the judgment; that he only asks that the sheriff be bound by his return as made, the same as the parties to the suit, the trial court, and the Supreme Court in its former decision of the case (*Paulus v. Grobben*, 104 Mich. 42) were bound by said return; that if either the relator or the sheriff must suffer by reason of the falseness of the return, that the loss fall upon the one whose misconduct has occasioned it; that relator, relying in good faith upon said return, elected to proceed directly against the sheriff, and by this election all other remedies were excluded; citing *DeMyer v. McGonegal*, 32 Mich. 120; that to allow the amendment would defeat all remedy on relator's part, and leave him entirely without relief for the injury sustained.

6. That conceding the right to grant said amendment, it could only be done on notice given and proper showing made; citing *Green v. Kindy*, 43 Mich. 279; that this was not done in this case.

*Pratt & Davis*, for respondent, contended:

1. That the act of the respondent in permitting the amendment to be made was a proper exercise of his power under the statute, and in harmony with the decisions of this Court; citing *Barber v. Smith*, 41 Mich. 138; *Kidd v. Dougherty*, 59 Id. 243.

2. That to now hold that the sheriff could not amend his return according to the facts, and to hold him liable after the case had been dismissed and out of court for the length of time that it was would be to do great injustice when the sheriff himself was in no fault.

*Tweddle & Cross*, for relator, in answer to the contention of respondent's counsel, contended:

1. That the respondent by his return seeks to justify his action by alleging "that after the writ was quashed, the defendant was discharged from custody, and that the form of the return of the sheriff did not mislead the relator at that time;" that while relator recognizes the rule that the return of the respondent will be taken conclusively as true in so far as it states facts as to respondent's own action, and what occurred in connection therewith within his own knowledge, he does not admit that said return estops him from claiming that, as a matter of fact, the plaintiff was misled by the form of the sheriff's return, which fact he claims to be true, otherwise the trouble and expense of these proceedings would not have been incurred.

2. That notwithstanding the return of the respondent, the circuit judge who presided when the *capias* was dismissed was also misled by the return of the sheriff in so much as an order was entered in the cause discharging the bail from liability on the bond, which would not have been done had not the parties and the court supposed that bail had been given as shown by said return; that no order was entered discharging the defendant, Grobben, from custody.

3. That the court can take judicial notice of the fact, not appearing in the petition or answer, that the respondent was not the judge of the circuit court for Leelanaw county at the time the order quashing the *capias* was made; that said order was made by J. G. Ramsdell, then circuit judge of said county, hence respondent could have no personal knowledge whether or not the relator at that time was misled by the form of the sheriff's return.

4. That relator at the time the *capias* was quashed had no knowledge of what had been done by the sheriff by way of serving the writ, except in so far as he was informed by the return of said officer indorsed upon the writ, that being the only legal source to which he could look for such information; that he could not be compelled at his peril to rely upon any information that he might, perchance, have acquired from some other or less reliable source.

The facts as established by the petition and answer were:

1. That on January 30, 1893, relator delivered to the sheriff of Leelanaw county for service a writ of *capias ad*

*respondendum* before then issued in his favor from the circuit court of said county against Louis J. Grobben, as defendant, upon which an order to hold to bail had been duly endorsed, which writ was, on the return day thereof, returned with a certificate endorsed thereon, signed by said sheriff, in which he stated "that he had taken Louis J. Grobben, the within named defendant, whose body he had ready as within commanded."

2. That on the return day the defendant moved the court to quash said writ, which motion was granted, and an order entered discharging the bail bond; that such proceedings were thereafter had as resulted in the review of said order on writ of error and the reversal thereof, reference being had for greater certainty to *Paulus v. Grobben*, 104 Mich. 42; that on April 28, 1895, a *remittitur* was filed with the clerk of said circuit court.

3. That said defendant having failed to put in and perfect special bail, relator filed an affidavit of that fact, and entered a rule requiring the sheriff, within 20 days, to put in and perfect such bail; that such further proceedings were had as resulted in the attachment of said sheriff, under a writ of attachment duly issued for that purpose, the return of said writ by one of the coroners of said county, with a return endorsed thereon showing said sheriff in custody for want of bail, the filing by relator of interrogatories, the entry of an order requiring the sheriff to answer the same, the making of said answer, from which it appeared that said *capias* was delivered to the sheriff for service and served and returned; that a rule requiring the sheriff to put in special bail was entered and served, and that he had failed to comply with said rule, all as set forth in relator's petition.

4. That the sheriff for further answer said that at the time of the arrest of Grobben no bail for his appearance at court or providing for the putting in of special bail was given by said Grobben; that said Grobben remained in his custody until the return day of the writ, at which time he appeared personally and by attorney, and was by the order of the court discharged from custody, said writ being by the same order quashed; that at no time was any order entered by the court requiring the defendant, Grobben, to put in and perfect special bail, nor was such an order asked for by plaintiff's attorney; that after the quashing of said writ, the case was abandoned by relator, and a new suit commenced for the same cause of action.

[The affidavit of George H. Cross, one of relator's attorneys in said attachment proceeding, was filed in opposition to and denial of the aforesaid answer, in which he denied that the relator ever abandoned said *capias* suit, and averred that the new suit referred to in said answer was commenced by counsel other than these conducting said *capias* suit while the same was pending in the Supreme Court; that said new suit was dismissed on a plea of a former suit pending between the same parties for the same cause of action. EDITOR.]

5. That on October 16, 1895, the attachment proceedings against the sheriff were brought on to be heard before the respondent upon said interrogatories, answers, affidavit, and the files and records in the *capias* suit; that on February 3, 1896, the respondent made an order permitting the sheriff to amend his return to said *capias* according to the facts as they appeared in his answers to said interrogatories, after which judgment was entered dismissing the attachment proceedings and discharging the sheriff therefrom.

[In support of said order the respondent filed an opinion, which was made a part of relator's petition, giving his reasons for making the order, namely:

*a*—That while from long usage the return, as made by the sheriff, is the one made when appearance bail has been given and the defendant discharged from custody, yet from popular construction, and to one not initiated into the mysteries of ancient common law forms, the opposite meaning, that the defendant is in custody, and his body ready in

court on the return day, is the more reasonable one, and particularly so when construed in connection with the command in the writ, and this is evidently what the sheriff meant by his return.

*b*—That from the interrogatories, the answers thereto, and relator's response to such answers, it appears that no appearance bail was given by the defendant; that he was arrested by the sheriff, who produced his body in court on the return day of the *capias*; that on that day the writ was quashed, and the defendant discharged, and that the judgment so entered was reversed on writ of error, and the case remanded for further proceedings; that while said appeal was pending relator commenced a new suit by declaration for the same cause of action, which was dismissed on a plea of a former suit pending, etc; that if the court may act upon these undisputed facts, they furnished a sufficient excuse for the failure of the sheriff to put in and perfect special bail for the defendant, and would be a bar to an action brought by relator against the sheriff for an escape.

*c*—That the question presented is can the sheriff amend his return so as to correspond with the facts? The allowance of amendments is a matter of judicial discretion; that the weight of authority is to the effect that an officer may amend pending proceedings against him for a false return; that in this case the rights of no third parties intervene; that there is no contention that the relator was deceived as to the facts as they existed, and the plain dictates of justice require that an amendment be allowed. EDITOR]

6.  That the sheriff at no time during the pendency of said attachment proceedings signified any desire to amend his return; that the order of the respondent allowing said amendment was made and entered without any request therefor on the part of the sheriff, and without notice to relator, or proper showing being made.

7.  That on May 18, 1896, relator moved the court to vacate the order com-plained of, and by summary proceedings ascertain the amount due relator in the *capias* suit, in the same manner as if interlocutory judgment had been rendered against the defendant therein, and render judgment against said sheriff in the attachment proceedings for the amount so founded to be due, with the costs of the suit and the attachment proceedings, which motion was denied by respondent.