## MUIR v. WAYNE CIRCUIT JUDGE.

ARREST—CIVIL PROCESS—CAPIAS AD RESPONDENDUM—AFFIDAVIT —SUFFICIENCY.

In an action for fraud by means of false representations an affidavit for a capias which shows the representations in detail, that they were made by defendant to plaintiff personally, and that plaintiff had personal knowledge of the falsity of sufficient of them to authorize the issuance of the writ, is sufficient, though the falsity of some of the representations is not stated upon the personal knowledge of the plaintiff.

Mandamus by Erwin T. Muir to compel Flavius L. Brooke, circuit judge of Wayne county, to vacate an order holding to bail, and denying a motion to quash a writ of capias ad respondendum. Submitted January 21, 1908. (Calendar No. 22,670.) Writ denied January 31, 1908.

*May & Dingeman*, for relator.

*Frank D. Andrus*, for respondent.

MOORE, J.   The following statement is taken from the brief of counsel for relator:

"Relator was the owner of a business known as the Commercial Exchange, which was engaged in the business of furnishing credit ratings to its members, and also doing a general collection business in the city of Detroit. On the 25th day of October, 1907, he sold this business and the furniture and fixtures used in connection therewith, to one Aggie Rodger, of the city of Detroit. On December 4, 1907, suit was instituted by the said Aggie Rodger against relator for damages, she claiming the relator had made certain misrepresentations in connection with the sale, and an order was entered holding relator to bail in the sum of $500 and a writ of capias ad respondendum issued, based solely upon the affidavit of the said Aggie Rodger. Relator was taken into custody and released on bail, and afterwards appeared specially and made a motion to vacate the order holding to bail and quash the writ of capias, for a number of reasons which may be briefly summarized as follows:

" 1. The affidavit for the writ does not state in terms that the matters therein stated are upon the personal knowledge of the affiant.

" 2. The falsity of the alleged representations are not stated upon the personal knowledge of the affiant, nor does it appear that they are within her personal knowledge, but on the contrary are conclusions based upon hearsay.

" 3. The affidavit is vague and indefinite and insufficient to authorize the issuance of the writ.

" This motion was denied by the circuit judge, and relator seeks by mandamus to vacate the order and compel the granting of the motion."

The whole question relates to the sufficiency of the affidavit. It sets out in detail the representations that were made. They were all made by defendant to plaintiff personally. After she purchased the business plaintiff went into possession thereof and conducted it for a month. While the falsity of some of the alleged representations is not stated upon the personal knowledge, or within the personal knowledge of the plaintiff, many of them are shown to be within her personal knowledge,

and the falsity of sufficient of them is so made to appear to authorize the issuance of the writ. *Paulus* v. *Grobben,* 104 Mich. 42. The affidavit is a very long one and it would profit no one to set it out in full. A reading of it satisfies us that the circuit judge was right in holding the affidavit showed on its face that plaintiff had personal knowledge of sufficient of the material facts stated in said affidavit to justify the issuance of the writ.

Writ of mandamus is denied, with costs.

GRANT, C. J., and BLAIR, CARPENTER, and MC-ALVAY, JJ., concurred.