GARDINER *v.* WAYNE CIRCUIT JUDGE.

ARREST—CAPIAS AD RESPONDENDUM—AFFIDAVITS—SUFFICIENCY.

An affidavit for a capias ad respondendum containing allegations not based upon the personal knowledge of affiant, nor having attached thereto the affidavit of the person having the requisite knowledge, is insufficient to justify the issuance of the writ.

Mandamus by John B. Gardiner to compel Joseph W. Donovan, circuit judge of Wayne county, to quash a writ of capias ad respondendum. Submitted December 21, 1908. (Calendar No. 23,115.) Writ granted February 2, 1909.

*George P. Codd,* for relator.

*Dwyer & Dwyer,* for respondent.

Relator was arrested on a capias ad respondendum, and held to bail in the sum of $1,000. The relator moved to quash the writ (1) because the affidavit attached to said writ does not state any cause of action authorizing the issuance of a writ; (2) the affidavit is insufficient; and (3) the affidavit does not state facts and circumstances sufficient to justify the issuance of the writ. The affidavit alleges that the affiant, Bertram E. Stevens, was induced by the relator, on the 15th of September, 1906, to purchase 320 acres of land situate in the Province of Alberta, Canada (describing it); that said agreement was reduced to writing, and is now in the possession of said affiant; that by the terms of said agreement affiant agreed to pay $720 in cash, and the balance in nine equal payments, payable one year apart, at 6 per cent. interest; that on November 8, 1906, affiant received from said relator a printed agreement for the sale of land; that said agreement was not for the land described and agreed upon originally; that the

price in the agreement of November 8th was 10 cents per acre more than was agreed upon before; and that said agreement of November 8th changed the dates upon which payments were to be made. On July 30, 1907, the affiant paid the second payment on said land, of $334, making a total payment of $1,054. The affidavit then alleges that—

"On or about June 6, A. D. 1908, this deponent received from the Union Trust Company, Limited, of Toronto, Canada, a copy of a notice of cancellation, which stated that all the interests of said John B. Gardiner in and to the land [describing it] had become forfeited, and had reverted and revested in said Union Trust Company, Limited, and that said John B. Gardiner had no right of reclamation of said land, and would receive no compensation for any moneys paid on said land, and that said Gardiner had not made the payments that he should have made on June 20, 1907, and that in fact he had made no payments after the 20th of July, 1906."

The affidavit further alleges that said Gardiner did not pay the sums paid by affiant to him to the trust company, but appropriated them to his own use. The affidavit further alleges that said Gardiner represented to the affiant that he was the owner of the above-described premises in fee simple, and that deponent has since learned the statement to be untrue. The affidavit further alleges that affiant, relying upon those representations, was induced to part, and did part, with his money, and alleges that relator was guilty of deceit and fraud. The respondent refused to quash the writ, and relator now seeks the writ of mandamus to grant the motion to quash.

GRANT, J. ( *after stating the facts* ). It appears from Mr. Stevens' affidavit for the writ that he signed the agreement of November 8th with knowledge of all the differences between that and the unexecuted agreement of September 15th; at least he makes no assertion that he was not aware of them. He had both in his possession, and yet afterwards he made a payment, thereby ratifying

the terms of the executed contract. That part of the affidavit is therefore of no significance, and affords no justification whatever for the issuance of the capias. That part of the affidavit stating that he has been informed by the Union Trust Company that Mr. Gardiner has forfeited his claim to the land is of course based upon hearsay. Not even the notice or letter, if any was received, is attached to the affidavit. All the knowledge affiant had was received from some officer of the Union Trust Company. This is purely hearsay, and affords no foundation for depriving a man of his liberty. The statement that affiant had learned that Gardiner was not the owner of the land in fee simple is not a statement of personal knowledge. It was incumbent upon affiant to show the source of his information, and to attach the affidavit of the person who had the requisite knowledge. The affidavit does not state that he has made an examination of the record, or that Gardiner admitted that he had not the title; nor is the contract, or a copy of it, attached to the writ, so that the court can determine what representations were made in it. The affidavit was not sufficient to justify the arrest of the respondent under the repeated decisions of this court. *Church* v. *Calhoun Circuit Judge*, 129 Mich. 126, and authorities there cited.

The writ will issue.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.