PRATT *v.* ALLEGAN CIRCUIT JUDGE.

1. FRAUD—PROCESS—AFFIDAVIT FOR CAPIAS—OPINIONS—VALUE.

    The rule that a seller has the right to praise his property and to give his opinion concerning its value cannot be extended to warrant false representations as to value and selling qualities, which may be relied on by the purchaser and operate as an inducement to the deal.[1]

2. SAME—VENDOR AND PURCHASER—OPINION—ARREST.

    The representation that property will readily sell in the market at a stated price is a representation of fact, and, if relied upon, may be treated as the basis of an action for fraud: an affidavit for capias charging such misrepresentation is not defective on the ground that it sets up statements that constituted mere "seller's talk."

3. ARREST—PROCESS—AFFIDAVIT—CAPIAS AD RESPONDENDUM.

    An affidavit for a capias charging defendant with false representations relative to the value and selling properties of certain real estate was not defective because it did not set forth the fact that the deponent was possessed of knowledge sufficient to render him competent to state his opinion as to its value, where the affidavit averred that affiant had personal knowledge of the facts stated: no question of expert knowledge was involved; any citizen familiar with values might testify or give his opinion.

4. SAME—PROCESS—CAPIAS.

    Where the fact stated in the affidavit is one about which testimony of any person having means of knowledge would be admissible, the affiant need not set forth the source and extent of his knowledge if it contains the general averment that he has personal knowledge of the facts or circumstances stated.

Mandamus by Ernest E. Pratt and another against

---

[1] On the question whether statements as to value constitute a fraud, see note in 35 L. R. A. 418, 436. And for false statement as to cost, selling, or market price of property, or as to offers therefor, see note in 35 L. R. A. (N. S.) 175.

Orien S. Cross, Allegan circuit judge, to compel respondent to quash a writ of *capias ad respondendum.* Submitted October 7, 1913. (Calendar No. 25,621.) Writ denied November 3, 1913.

*Roscoe G. Goembel* and *D. O. French,* for relators.

*Clare E. Hoffman,* for respondent.

STONE, J. The relators were arrested upon a *capias ad respondendum.* They ask for a writ of mandamus, requiring respondent to set aside the order overruling their motion to quash the writ; and counsel for relators state that there is but one question for the determination of this court, and that is whether the affidavit filed in support of the writ of *capias ad respondendum* was sufficient to warrant the issuing of said writ, and the arrest of relators, and holding them to bail.

The first three paragraphs of the affidavit contain the statements as to the parties, the purpose of the affidavit, the value of certain personal property owned by affiant and his desire to sell the same, and the further statement that the facts and circumstances stated in the affidavit are within the personal knowledge of the affiant.

The fourth paragraph contains the direct statement that the defendants, relators here, with intent to cheat and defraud affiant and to obtain his personal property without adequate and just compensation, offered to procure and transfer to him certain real estate in exchange for affiant's said personal property; that said real estate was represented by said relators to be worth the sum of $2,100, and that the equity which was to be transferred to affiant was worth $1,225 cash.

The fifth paragraph contains the following language:

"And for the purpose of inducing this affiant to transfer said personal property, and inducing this affiant to accept the transfer of said contract and said deed of said second described piece of land as security for the payment of said sum of $1,225, and to forbear insisting upon the payment of said sum of $1,225 immediately and before the transfer of said personal property, did then and there falsely represent and pretended to this affiant that the real estate described in said contract was worth $2,100 cash in the real estate market of the city of Kalamazoo, and that the equity in said contract was well worth the sum of $1,225 cash, * * * and did falsely represent and pretend to this affiant that the said real estate described in said deed above mentioned was worth the sum of $300 cash in the real estate market of the city of Kalamazoo, and that each of said pieces would readily sell for the sums above named at any time, and that said sums were a fair cash price for said pieces of real estate."

The sixth paragraph contains the statement that affiant believed and relied upon the representations made, and, being deceived thereby, did transfer the personal property and accept the assignment of the contract for the real estate, instead of the payment of the money.

The seventh paragraph was as follows:

"And affiant further avers that said real estate described in said contract, which said contract was assigned to this affiant, was not worth to exceed the sum of $1,300 in the real estate market of the city of Kalamazoo; that the equity in said contract was not worth to exceed $400, and that said second piece of real estate was not worth to exceed $75 in the real estate market of the city of Kalamazoo, and that neither piece would sell for more than said mentioned sums."

The grounds of the motion to quash the writ of capias are as follows:

(1) Because the affidavit upon which the order to hold to bail was based was insufficient to authorize defendants' arrest; (2) because the affidavit of the

plaintiff contains nothing indicating that he is possessed of any knowledge of the value of real estate, or the real estate in question; (3) because the affidavit of plaintiff, upon which the writ is issued, contains nothing indicating that plaintiff is possessed of the knowledge requisite and necessary to render him competent to form or express an intelligent opinion upon the value of the real estate in question; (4) because the affidavit of the said plaintiff contains nothing to show that he is qualified or competent to testify to the value of said real estate, or that he ever saw said real estate, or has any knowledge thereof whatever; (5) because the affidavit of said plaintiff does not state where he resides or what his business is; (6) because said affidavit does not state where said defendants reside; (7) because said affidavit is based in part upon information, and not upon actual knowledge; (8) because said affidavit is in many other respects insufficient and inadequate upon which to base an order to hold to bail.

The respondent, in his answer to show cause, returns that all the grounds set forth in said motion as reasons why said writ should be quashed were upon the argument and hearing of said motion abandoned, except the second, third, and fourth, and that the only point urged and argued upon the hearing of said motion was the one that it appeared on the face of the affidavit that the affiant Dean did not possess sufficient qualification to justify him to give an opinion as to the value of the real estate situate in Kalamazoo city, and that the question as to the value of the property in Kalamazoo was one requiring the opinion of an expert, and that counsel's argument and citation of authorities were directed at this point, and this point alone; the two cases relied upon by him being *Church* v. *Calhoun Circuit Judge,* 129 Mich. 126 (88 N. W. 403), and *Gardiner* v. *Wayne Circuit Judge,* 155 Mich. 414 (119 N. W. 432). In this court relators' counsel discuss the further question that the allegations· as to statements of value are mere mat-

ters of opinion upon which men might fairly and honestly differ, and cannot be made the basis of a fraudulent representation.

1. We recognize the rule that a seller has a right to praise his property and to give his opinion concerning its value, but we have held that this rule cannot be extended to embrace false representations of alleged facts in a case which may be, and were, relied upon by the purchaser and became an inducing cause of the trade. A collection of Michigan authorities upon this subject will be found in *Wegner* v. *Herkimer*, 167 Mich. 587, at page 595 (133 N. W. 623), and we refer especially in that collection to the cases of *Maxted* v. *Fowler*, 94 Mich. 106 (53 N. W. 921), and *Peck* v. *Jenison*, 99 Mich. 326 (58 N. W. 312).

Can it be said that the language above quoted, that the defendants "did then and there falsely represent and pretended to this affiant that the real estate described in said contract was worth $2,100 cash in the real estate market of the city of Kalamazoo, and that the equity in said contract was well worth the sum of $1,225 cash, and that said real estate described in said deed above mentioned was worth the sum of $300 cash in the real estate market of the city of Kalamazoo, and that each of said pieces would readily sell for the sums above named at any time, and that said sums were a fair cash price for said pieces of real estate," was mere "seller's talk," or may it be said to be the representation of facts which might be relied upon by the purchaser and become an inducing cause of the trade? We are of opinion that the representation that property would readily sell in a certain market at a given price is the representation of an alleged fact, and, where relied upon as here stated, may be made the basis of a false representation.

2. This brings us to consider the only question that was argued before the respondent, Was the affidavit

defective because it did not set forth the fact that the
affiant was possessed of the knowledge requisite and
necessary to render him competent to form or express
an opinion upon the value of the real estate in ques-
tion? It does appear upon the face of the affidavit,
by direct statement, that affiant had personal knowl-
edge of the facts therein set forth, and it seems to us
that the question as to the value of the Kalamazoo
property was one with which affiant might be fa-
miliar, and was one with which the affidavit itself
shows he was familiar, and that the court has no
right to hold as untrue affiant's statement that he had
personal knowledge as to the value of the real estate
described in said contract, and of the equity in said
contract. We do not think that the case falls within
the doctrine of the cases relied upon by relators'
counsel.

The case of *Church* v. *Calhoun Circuit Judge,*
*supra,* was an action against a physician for mal-
practice. The affidavit charged him with negligently
performing a surgical operation upon the person of
plaintiff's wife, thereby causing her death. In that
case Justice HOOKER said:

"Were plaintiff offered, upon a trial of the cause,
as a witness to prove the charge, his opinion as to the
defendant's negligence would not be admissible. He
would be competent to testify as to what the defend-
ant did, or omitted to do; but whether what he did,
or omitted, constituted negligence or unskillfulness,
and whether the wife's death was a consequence or
not, would necessarily depend upon the evidence of
persons shown to possess technical knowledge."

In the instant case no question of expert testimony
is involved, but any citizen having the requisite
knowledge of values, might testify.

An examination of *Gardiner* v. *Wayne Circuit
Judge, supra,* will show that the affidavit stated that
affiant had been informed by the Union Trust Com-

pany that Mr. Gardiner had forfeited his claim to the land; and it distinctly appeared that all the knowledge affiant had was contained in a notice of cancellation sent him by an officer of said company. This court held that such information was purely hearsay, and afforded no foundation for depriving a man of his liberty. It distinctly appearing that the statement that affiant had learned that Gardiner was not the owner of the land in fee simple was not a statement of personal knowledge and there being no further affidavit of the source of his information, it was held insufficient to justify the arrest of the defendant. These cases we think are readily distinguished from the case we are here considering.

Applying the rule laid down by this court in *Hatch* v. *Saunders,* 66 Mich. 181 (33 N. W. 178); *Paulus* v. *Grobben,* 104 Mich. 42 (62 N. W. 160); *Robinson* v. *Branch Circuit Judge,* 142 Mich. 70 (105 N. W. 25); and *Muir* v. *Wayne Circuit Judge,* 151 Mich. 117 (114 N. W. 659)—we are of opinion that the affidavit in the instant case was sufficient, and that the correct rule may be said to be that where the fact stated in the affidavit is one about which the testimony of any person having means of knowledge would be admissible, the affidavit need not set forth the source and extent of affiant's knowledge, where the affidavit contains the averment that he had personal knowledge of the facts and circumstances set forth in the affidavit. In other words, where an affiant in an affidavit for a capias charging fraudulent representations as to the value of real estate, makes the statement that the facts set forth are within his personal knowledge, and where the fact stated is one with which any witness might personally be familiar, and is one to which the ordinary witness might testify, and on which the testimony of an expert is not necessarily required, the court will not add to the statutory requirement, nor will it be held that all the

things which merely go to determine the weight of the statement must also be stated in detail. To hold otherwise would be to require great prolixity in such an affidavit, and it is neither necessary nor customary to give these particulars in an affidavit for arrest, where the averment is one which appears to have been within the knowledge of the affiant. 1 Stevens' Michigan Practice, §§ 214, 215. This does not in any way conflict with the rule recently announced by this court in the cases of *Soule* v. *Ottawa Circuit Judge,* 175 Mich. 127 (140 N. W. 990), and *Rice* v. *Kalamazoo Circuit Judge,* 176 Mich. 322 (142 N. W. 336), as an examination of those cases will readily show.

We do not think that the circuit judge erred in denying the motion to quash. The writ of mandamus is denied, with costs against the relators.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.