REESE v. ELLIOTT.

1. FRAUD—VENDOR AND PURCHASER — EVIDENCE — CROSS-EXAMINA-
TION—WITNESSES—CREDIBILITY—TRIAL.

In an action by the purchaser to recover the purchase price of land on the ground that the value of same for farming purposes had been fraudulently misrepresented, the admission in evidence, on cross-examination, of a letter written by defendant after the making of the contract containing statements as to the value of the land, received for the purpose of affecting defendant's credibility as a witness and not for the purpose of laying the foundation to establish the fraud, and so limited by the trial judge in his charge to the jury, held, not error.

2. SAME—STATEMENTS OF FACT—EXPRESSION OF OPINION.

Representation by the seller of land that it would readily sell in a certain market at a given price is representation of an alleged fact and not mere expression of opinion, and, where false and relied upon by the buyer, who is inexperienced, may be made the basis of an action for fraud.

On effect of purchaser's concealment or misrepresentation of fact affecting the value of real estate, see note in 30 L. R. A. (N. S.) 748.

3. SAME—TRIAL—INSTRUCTIONS—HARMLESS ERROR.
   The omission of the word "material" before the words "false representation" in the trial court's instruction to the jury, *held*, not reversible error, where the jury were not likely to be misled thereby, and in a previous paragraph the rule was correctly stated.

Error to Allegan; Cross (Orien S.), J.    Submitted November 1, 1921.    (Docket No. 96.)    Decided December 21, 1921.

Case by Frederick T. Reese and another against Mary A. O. Elliott for fraud in the sale of certain land.    Judgment for plaintiffs.    Defendant brings error.    Affirmed.

*W. J. Barnard,* for appellant.

*Clare E. Hoffman,* for appellees.

BIRD, J.    Defendant is a real estate agent in the city of Allegan.    In May, 1920, she sold to plaintiffs, who were residents of Chicago, 40 acres of land in Allegan county.    The sale came about through an advertisement which defendant carried in a Chicago newspaper.    Plaintiff Frederick T. went to Allegan, saw the premises and made a contract for the purchase thereof, for the sum of $1,399, and paid thereon $500.    Soon after, plaintiff Frederick T. and his mother moved onto the premises, but remained thereon only a short time.    They rescinded the contract and demanded from defendant a return of their money on the ground that she had made false and fraudulent representations as to the quality of the soil, the condition and productiveness of the orchard, and of the value of the land for farming purposes.    Suit was instituted by them to recover what they had paid upon the contract and a judgment was rendered by the jury in their behalf.

The assignments of error do not appear to raise the contention that the case made by plaintiffs was not one for the jury upon the question of fraud. Defendant, however, complains that error was committed by the trial court, which affected the verdict.

1. Complaint is made of the action of the trial court in admitting a letter written by defendant in which she made certain statements regarding the value of the land, because it was written after the contract of purchase was signed. The same objection was also made to certain statements said to have been made by defendant after the deal was closed. An examination of the record discloses that the letter was received as a part of the cross-examination of defendant for the purpose of affecting her credibility and not for the purpose of laying the foundation to establish the fraud. When plaintiffs' counsel offered the letter in evidence defendant's counsel stated:

"We have not any objection—it is admissible from one theory, any correspondence is, but I do object to it being introduced as laying any foundation for any fraud or misrepresentation, because it is subsequent to the day the contract was made.

"*The Court:* That is correct; it could not be received for that purpose at all.

"*Mr. Hoffman:* We don't offer it for that."

Later, the court, in his charge, stated to the jury upon this question:

"You are instructed that any statement made by Mrs. Elliott after the money was paid and the contract signed does not constitute fraud, and you cannot consider the same in this case as constituting any fraud."

The letter and statements were admissible as a part of the cross-examination of defendant as bearing upon her credibility. This is all plaintiffs' counsel claimed for it, and the court made it clear to the jury that it could not be used for the purpose of establishing

the fraud.    Under these circumstances we do not think the jury was misled by the testimony.    Its admission was not error.

2. The trial court instructed the jury as follows:

"It is true that one having property for sale may ordinarily express an opinion as to the value of what he has to sell without being liable in an action for such expressions of opinion.    But it is also true that a statement that a certain piece of property is worth a certain sum at a certain place, or in a certain real estate market would ordinarily sell for that sum may not be mere sellers' talk; and if one makes such a positive assertion of fact to persons who have no knowledge of the facts, it cannot under the law be taken as a mere expression of opinion, but rather as a statement or representation of the fact; and if a person purchasing is inexperienced and relies upon such a statement and is deceived thereby to his injury, then the seller is liable therefor.    And in this case, if you find by a preponderance of the evidence that Mr. Reese was inexperienced as to farm land in Michigan, and the defendant told Mr. Reese that this land was worth either $1,399 or $2,800 in a real estate market at Allegan, and that it would ordinarily sell for that sum, and that such statement was not true; that is, that it would not sell for that sum, or that it was worth such a sum in the real estate market at Allegan, but that she relied—but that they relied upon such statements and were induced thereby to purchase, then they are entitled to a verdict at your hands for the damages sustained."

The point made against this instruction is that statements made by defendant as to the value of the land in the Allegan real estate market and what it would readily bring in that market were mere expressions of opinion and would not subject defendant to liability if not true.    Under a very similar state of facts this question was discussed and the authorities cited by Mr. Justice Stone in *Pratt* v. *Allegan Circuit Judge*, 177 Mich. 558.    The conclusion there reached was that:

"We are of opinion that the representation that property would readily sell in a certain market at a given price is the representation of an alleged fact, and, where relied upon as here stated, may be made the basis of a false representation."

It appears in this record that the plaintiffs were unacquainted with the real estate market in Allegan, knew nothing of farming or of the value of farm lands in Michigan, and that they believed and relied upon the statements of defendant as to the value of the premises and as to what they might be sold for in the Allegan real estate market.

3. The jury were also instructed that:

"And if you find by a preponderance of the evidence in this case that the defendant made false representations to the plaintiffs in regard to this forty acres of land; that the plaintiffs relied upon the statements and were deceived and defrauded thereby, then you should find a verdict for the plaintiffs for the amount of damage sustained; and if you fail to so find, you should render a verdict for the defendant."

This instruction is assailed because the word "material" was omitted before the words "false represcntation." It is probably true that in order to be actionable the false representation must have been a material one. This statement was made by the trial court in the closing paragraph of the charge. In a previous paragraph the court had correctly stated the rule. We think it altogether unlikely that this omission of a word misled the jury, or affected the result in any respect.

We have examined the other errors assigned on the charge of the court but do not find that they are meritorious.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.