BUCHANAN v. WAYNE CIRCUIT JUDGE.

Arrest — Bail—Affidavit—Sufficiency—Capias Ad Responden-
dum.

> In view of 3 Comp. Laws 1915, § 12416, providing that
> an order fixing bail "shall be made only upon the pre-
> sentation of a declaration supported by the affidavit of the
> plaintiff or some other person having knowledge of the
> facts," where the affidavit before the circuit court com-
> missioner for the fixing of bail in an action for fraud
> and breach of trust, begun by *capias ad respondendum*,
> failed to show, by express allegation or necessary in-
> tendment, that the statements made therein and in the
> declaration were within the personal knowledge of the
> deponent, the circuit judge properly quashed the *capias*,
> leaving the writ as a summons only.[1]

Mandamus by Robert G. Buchanan to compel Adolph
F. Marschner, circuit judge of Wayne county, to vacate
an order quashing a writ of *capias ad respondendum*.
Submitted January 5, 1926.   (Calendar No. 32,267.)
Writ denied January 28, 1926.

*Ben C. Hughes,* for plaintiff.

*Shapero & Shapero,* for defendant.

Wiest, J.   Plaintiff herein brought suit against
Samuel Rapoport by *capias ad respondendum*.   Bail
was fixed by a circuit court commissioner, upon a
declaration setting up fraud and a breach of trust,
supported by the following affidavit:

"Robert G. Buchanan, being duly sworn, deposes and
says that he has a claim for damages against Samuel
Rapoport for the cause of action stated in his declara-
tion duly filed herewith (and in support of which this
affidavit is made as is by law required) and upon
which he believes that he, plaintiff herein, is entitled
to recover a certain sum, being more than one hundred
dollars, to wit, $3,000.00."

---

[1]Arrest, 5 C. J. § 167.

Upon motion of defendant, the writ as a *capias* was quashed but retained as a summons. Plaintiff, by mandamus, seeks revocation of such order.

The point involved is the sufficiency of plaintiff's affidavit. The affidavit does not show, by express allegation or necessary intendment, that the statements therein and in the declaration are within the personal knowledge of the deponent. But plaintiff says he followed the present statute in making his affidavit, and contends it is no longer necessary to state that an affiant has personal knowledge of the facts. 3 Comp. Laws 1915, § 12416, provides that an order fixing bail, "shall be made only upon the presentation of a declaration supported by the affidavit of the plaintiff, or some other person having knowledge of the facts." * * * What knowledge? Personal or otherwise? Surely it should be such knowledge as would qualify the affiant to testify to the facts at the trial and render him accountable for perjury if wilfully false. The old statute (3 Comp. Laws 1897, § 9996) was less specific on this point, yet it was held necessary to aver personal knowledge. *Gardiner* v. *Wayne Circuit Judge,* 155 Mich. 414.

We do not hold it necessary to restate the facts in the affidavit, but do hold it necessary to support the facts averred in the declaration by the affidavit of the plaintiff or some other person having personal knowledge of the truth thereof. The affidavit upon which bail was fixed does not even state the averments in the declaration are true. The circuit judge was clearly right in quashing the *capias* and leaving the writ as a summons only.

The writ of mandamus is denied, with costs against plaintiff.

Sharpe, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred. Bird, C. J., did not sit.