FIDELITY CORPORATION OF MICHIGAN *v.* EATON CIRCUIT JUDGE.

1. ARREST — CAPIAS AD RESPONDENDUM — AFFIDAVIT MUST STATE FACTS WITHIN DEPONENT'S KNOWLEDGE.

   An affidavit which is used as the basis of a writ which will deprive a person of his liberty, such as *capias ad respondendum*, must not only set forth the facts and circumstances in detail, and not conclusions or inferences from facts, but they must be facts within the personal knowledge of the deponent.

2. SAME—AFFIDAVIT MUST BE OF SAME LEGAL QUALITY AS EVIDENCE.

   The affidavit upon which a person is held to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts set up or relied on for cause of arrest.

3. SAME—AFFIDAVIT STATING ONLY CONCLUSIONS INSUFFICIENT.

   An affidavit for issuance of a *capias ad respondendum,* which adopted by reference the declaration and the statements made therein, which were merely conclusions and inferences, and did not set up the facts from which said conclusions were drawn, was insufficient, and the writ was properly quashed.

[1]Arrest, 5 C. J. § 167; [2]Id., 5 C. J. § 163 (Anno); [3]Id., 5 C. J. § 166.

Mandamus by the Fidelity Corporation of Michigan to compel Russell R. McPeek, circuit judge of Eaton county, to vacate an order quashing a writ of *capias ad respondendum*.   Submitted December 27, 1927. (Calendar No. 33,424.)   Writ denied January 19, 1928.

*Watt & Colwell,* for plaintiff.

*Sowers & Cameron,* for defendant.

CLARK, J.   Plaintiff caused a writ of *capias ad respondendum* to be issued against Lewis Unrath and Walter H. Eames.   The latter, arrested and held to bail, moved to quash the writ for the reason that the affidavit upon which the order to hold to bail was based was insufficient.   The motion prevailed and plaintiff reviews on mandamus.

The rule, with which it is contended the affidavit does not comply, is stated in *Sheridan* v. *Briggs,* 53 Mich. 569.

"The principle deducible from these cases is that an affidavit which is used as the basis of a writ which will deprive a person of his liberty, must not only set forth the facts and circumstances in detail, and not conclusions or inferences from facts, but they must be facts within the personal knowledge of the deponent.   *   *   *

"The affidavit upon which a person is held to bail must be of the same legal quality, as evidence, as would be required at the trial to establish the facts set up or relied on for cause of arrest."

The affidavit proper, made by plaintiff's agent and reciting that he has personal knowledge of the facts and statements, adopts the declaration by reference, and in effect makes it a part of the affidavit.   3 Comp. Laws 1915, § 12416; *Buchanan* v. *Wayne Circuit Judge,* 233 Mich. 529.   It appears that plaintiff purchased paper purporting to arise upon a time sale of

an automobile by Unrath to Eames, and that some installments of the price were later paid to it.

As ground for the writ and the order to hold to bail, it is stated that Unrath and Eames entered into a conspiracy to defraud plaintiff, that the sale was a sham, the paper purporting to evidence the sale and the obligation thereon a fraud, that the payments made were merely in furtherance of the scheme to defraud, that Unrath did not own the automobile, that Eames did not purchase it, and that plaintiff learned of the fraud after accepting the payments. The affidavit and declaration are made up, it seems, of conclusions or inferences from facts not disclosed. A witness might not make a case for plaintiff by testifying "there was a conspiracy," "the sale was a sham," "the paper a fraud," and the like. Questions calling for such answers and the answers would be objectionable for the reason stated in the rule. 22 C. J. p. 485.

The affidavit ought to have set up the facts, if any were known, upon which the stated conclusions were made and from which the inferences were drawn. *Gardiner* v. *Wayne Circuit Judge*, 155 Mich. 414; *Proctor* v. *Prout*, 17 Mich. 473.

Writ denied, with costs to defendant.

NORTH, FELLOWS, WIEST, MCDONALD, BIRD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN took no part in this decision.